**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

MIDDLE DISTRICT OF NORTH CAROLINA (NC EXEMPTIONS)

Case number *(if known)* _____

Chapter you are filing under:

☐ Chapter 7

☐ Chapter 11

☐ Chapter 12

■ Chapter 13

☐ Check if this an
amended filing

## Official Form 101
# Voluntary Petition for Individuals Filing for Bankruptcy          12/15

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be yes if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

| Part 1: | Identify Yourself |
| --- | --- |

| | | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
| --- | --- | --- | --- |
| 1. | **Your full name** | | |
| | Write the name that is on your government-issued picture identification (for example, your driver's license or passport). | **Evelyne**<br>First name | <br>First name |
| | | **Margaret**<br>Middle name | <br>Middle name |
| | Bring your picture identification to your meeting with the trustee. | **Jenkins**<br>Last name and Suffix (Sr., Jr., II, III) | <br>Last name and Suffix (Sr., Jr., II, III) |
| 2. | **All other names you have used in the last 8 years**<br>Include your married or maiden names. | **Evelyne M. Jenkins** | |
| 3. | **Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | **xxx-xx-3100** | |

Debtor 1    __Evelyne Margaret Jenkins_____    Case number *(if known)* _____

|  | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **4. Any business names and Employer Identification Numbers (EIN) you have used in the last 8 years**<br><br>Include trade names and *doing business as* names | ■ I have not used any business name or EINs.<br><br>_____<br>Business name(s)<br><br>_____<br>EINs | ☐ I have not used any business name or EINs.<br><br>_____<br>Business name(s)<br><br>_____<br>EINs |
| **5. Where you live** | **2722 Edenridge Drive**<br>**High Point, NC 27265**<br>Number, Street, City, State & ZIP Code<br><br>**Guilford**<br>County<br><br>**If your mailing address is different from the one above, fill it in here.** Note that the court will send any notices to you at this mailing address.<br><br>_____<br>Number, P.O. Box, Street, City, State & ZIP Code | **If Debtor 2 lives at a different address:**<br><br>_____<br>Number, Street, City, State & ZIP Code<br><br>_____<br>County<br><br>**If Debtor 2's mailing address is different from yours, fill it in here.** Note that the court will send any notices to this mailing address.<br><br>_____<br>Number, P.O. Box, Street, City, State & ZIP Code |
| **6. Why you are choosing *this district* to file for bankruptcy** | *Check one:*<br><br>■ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.<br><br>☐ I have another reason.<br>Explain. (See 28 U.S.C. § 1408.)<br><br>_____ | *Check one:*<br><br>☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.<br><br>☐ I have another reason.<br>Explain. (See 28 U.S.C. § 1408.)<br><br>_____ |

Debtor 1    **Evelyne Margaret Jenkins**

Case number *(if known)* _____

| Part 2: | Tell the Court About Your Bankruptcy Case |

**7. The chapter of the Bankruptcy Code you are choosing to file under**

*Check one.* (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)).* Also, go to the top of page 1 and check the appropriate box.

☐ Chapter 7

☐ Chapter 11

☐ Chapter 12

■ Chapter 13

**8. How you will pay the fee**

☐ **I will pay the entire fee when I file my petition.** Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

■ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

☐ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments). If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

**9. Have you filed for bankruptcy within the last 8 years?**

■ No.

☐ Yes.

| | District _____ | When _____ | Case number _____ |
| | District _____ | When _____ | Case number _____ |
| | District _____ | When _____ | Case number _____ |

**10. Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

■ No

☐ Yes.

| | Debtor _____ | | Relationship to you _____ |
| | District _____ | When _____ | Case number, if known _____ |
| | Debtor _____ | | Relationship to you _____ |
| | District _____ | When _____ | Case number, if known _____ |

**11. Do you rent your residence?**

■ No.   Go to line 12.

☐ Yes.   Has your landlord obtained an eviction judgment against you and do you want to stay in your residence?

  ☐ No. Go to line 12.

  ☐ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it with this bankruptcy petition.

Debtor 1    **Evelyne Margaret Jenkins**                                    Case number *(if known)* _____

| Part 3: | Report About Any Businesses You Own as a Sole Proprietor |
|---|---|

**12. Are you a sole proprietor of any full- or part-time business?**

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

☑ **No.**    Go to Part 4.

☐ **Yes.**    Name and location of business

_____
Name of business, if any

_____

_____
Number, Street, City, State & ZIP Code

*Check the appropriate box to describe your business:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ None of the above

**13. Are you filing under Chapter 11 of the Bankruptcy Code and are you a *small business debtor*?**

For a definition of *small business debtor*, see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor so that it can set appropriate deadlines.* If you indicate that you are a small business debtor, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. 1116(1)(B).

☑ **No.**    I am not filing under Chapter 11.

☐ **No.**    I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ **Yes.**    I am filing under Chapter 11 and I am a small business debtor according to the definition in the Bankruptcy Code.

| Part 4: | Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention |
|---|---|

**14. Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

☑ **No.**

☐ **Yes.**    What is the hazard?    _____

If immediate attention is needed, why is it needed?    _____

Where is the property?    _____

_____
Number, Street, City, State & Zip Code

Debtor 1    **Evelyne Margaret Jenkins**

Case number *(if known)* _____

| Part 5: | Explain Your Efforts to Receive a Briefing About Credit Counseling |
|---|---|

| | **About Debtor 1:** | **About Debtor 2 (Spouse Only in a Joint Case):** |

**15. Tell the court whether you have received a briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

**About Debtor 1:**

*You must check one:*

■ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy. If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.**
I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.**
My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.**
I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver credit counseling with the court.

**About Debtor 2 (Spouse Only in a Joint Case):**

*You must check one:*

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.**
I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.**
My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.**
I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

Debtor 1    **Evelyne Margaret Jenkins**                                        Case number *(if known)*

| Part 6: | Answer These Questions for Reporting Purposes |
|---|---|

**16. What kind of debts do you have?**

16a. **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

☐ No. Go to line 16b.

■ Yes. Go to line 17.

16b. **Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

☐ No. Go to line 16c.

☐ Yes. Go to line 17.

16c. State the type of debts you owe that are not consumer debts or business debts

**17. Are you filing under Chapter 7?**

■ No.    I am not filing under Chapter 7. Go to line 18.

**Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?**

☐ Yes.    I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

☐ No

☐ Yes

**18. How many Creditors do you estimate that you owe?**

■ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than100,000

**19. How much do you estimate your assets to be worth?**

☐ $0 - $50,000
☐ $50,001 - $100,000
■ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
☐ $10,000,001 - $50  million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

**20. How much do you estimate your liabilities to be?**

☐ $0 - $50,000
☐ $50,001 - $100,000
■ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
☐ $10,000,001 - $50  million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

| Part 7: | Sign Below |
|---|---|

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**/s/ Evelyne Margaret Jenkins**

**Evelyne Margaret Jenkins**
Signature of Debtor 1                                        Signature of Debtor 2

Executed on    **July  6, 2017**                            Executed on
MM / DD / YYYY                                              MM / DD / YYYY

Debtor 1    **Evelyne Margaret Jenkins**                                        Case number *(if known)*

---

**For your attorney, if you are represented by one**

**If you are not represented by an attorney, you do not need to file this page.**

I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible. I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect.

**/s/ Benjamin Busch**                                        Date    **July 6, 2017**
Signature of Attorney for Debtor                                        MM / DD / YYYY

**Benjamin Busch**
Printed name

**The Law Offices of John T. Orcutt, PC**
Firm name

**6616-203 Six Forks Road**
**Raleigh, NC 27615**
Number, Street, City, State & ZIP Code

Contact phone    **(919) 847-9750**                Email address    **postlegal@johnorcutt.com**

**43458**
Bar number & State

---

**Fill in this information to identify your case:**

Debtor 1            **Evelyne Margaret Jenkins**
_____
                    First Name          Middle Name          Last Name

Debtor 2
(Spouse if, filing)  _____
                    First Name          Middle Name          Last Name

United States Bankruptcy Court for the:    MIDDLE DISTRICT OF NORTH CAROLINA (NC EXEMPTIONS)

Case number _____
(if known)

☐ Check if this is an
   amended filing

## Official Form 107
## Statement of Financial Affairs for Individuals Filing for Bankruptcy                4/16

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information.  If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.**

### Part 1:    Give Details About Your Marital Status and Where You Lived Before

1.    **What is your current marital status?**

☐ Married
■ Not married

2.    **During the last 3 years, have you lived anywhere other than where you live now?**

■ No
☐ Yes. List all of the places you lived in the last 3 years. Do not include where you live now.

| Debtor 1 Prior Address: | Dates Debtor 1 lived there | Debtor 2 Prior Address: | Dates Debtor 2 lived there |
|---|---|---|---|

3.    **Within the last 8 years, did you ever live with a spouse or legal equivalent in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington and Wisconsin.)

■ No
☐ Yes. Make sure you fill out *Schedule H: Your Codebtors* (Official Form 106H).

### Part 2    Explain the Sources of Your Income

4.    **Did you have any income from employment or from operating a business during this year or the two previous calendar years?**
Fill in the total amount of income you received from all jobs and all businesses, including part-time activities.
If you are filing a joint case and you have income that you receive together, list it only once under Debtor 1.

■ No
☐ Yes. Fill in the details.

| Debtor 1 | | Debtor 2 | |
|---|---|---|---|
| Sources of income Check all that apply. | Gross income (before deductions and exclusions) | Sources of income Check all that apply. | Gross income (before deductions and exclusions) |

Debtor 1    **Evelyne Margaret Jenkins**                              Case number *(if known)*

---

5.  **Did you receive any other income during this year or the two previous calendar years?**
    Include income regardless of whether that income is taxable. Examples of *other income* are alimony; child support; Social Security, unemployment, and other public benefit payments; pensions; rental income; interest; dividends; money collected from lawsuits; royalties; and gambling and lottery winnings. If you are filing a joint case and you have income that you received together, list it only once under Debtor 1.

    List each source and the gross income from each source separately. Do not include income that you listed in line 4.

    ☐  No
    ☑  Yes. Fill in the details.

|  | Debtor 1<br>Sources of income<br>Describe below. | Gross income from<br>each source<br>(before deductions and<br>exclusions) | Debtor 2<br>Sources of income<br>Describe below. | Gross income<br>(before deductions<br>and exclusions) |
|---|---|---|---|---|
| **From January 1 of current year until the date you filed for bankruptcy:** | Survivor Benefits (Annuity) | $13,476.00 | | |
|  | Social Security | $2,535.66 | | |
| **For last calendar year:**<br>**(January 1 to December 31, 2016 )** | Survivor Benefits (Annuity) | $40,428.00 | | |
|  | Social Security | $7,606.80 | | |
| **For the calendar year before that:**<br>**(January 1 to December 31, 2015 )** | Survivor Benefits (Annuity) | $40,428.00 | | |
|  | Social Security | $7,606.80 | | |

---

## Part 3:    List Certain Payments You Made Before You Filed for Bankruptcy

6.  **Are either Debtor 1's or Debtor 2's debts primarily consumer debts?**
    ☐  No.    **Neither Debtor 1 nor Debtor 2 has primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

    During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $6,425* or more?
    ☐  No.    Go to line 7.
    ☐  Yes    List below each creditor to whom you paid a total of $6,425* or more in one or more payments and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.
    * Subject to adjustment on 4/01/19 and every 3 years after that for cases filed on or after the date of adjustment.

    ☑  Yes.    **Debtor 1 or Debtor 2 or both have primarily consumer debts.**
    During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $600 or more?

    ☐  No.    Go to line 7.
    ☑  Yes    List below each creditor to whom you paid a total of $600 or more and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

| Creditor's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Was this payment for ... |
|---|---|---|---|---|
| **Nissan-Infiniti**<br>**Attn Managing Agent**<br>**Post Office Box 660360**<br>**Dallas, TX 75266-0888** | **4/2017**<br>**5/2017**<br>**6/2017** | **$1,395.00** | **Unknown** | ☐ Mortgage<br>☑ Car<br>☐ Credit Card<br>☐ Loan Repayment<br>☐ Suppliers or vendors<br>☐ Other___ |

---

| Debtor 1 | **Evelyne Margaret Jenkins** | Case number *(if known)* | |
|---|---|---|---|

7. **Within 1 year before you filed for bankruptcy, did you make a payment on a debt you owed anyone who was an insider?**
*Insiders* include your relatives; any general partners; relatives of any general partners; partnerships of which you are a general partner; corporations of which you are an officer, director, person in control, or owner of 20% or more of their voting securities; and any managing agent, including one for a business you operate as a sole proprietor. 11 U.S.C. § 101. Include payments for domestic support obligations, such as child support and alimony.

- ☑ No
- ☐ Yes. List all payments to an insider.

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment |
|---|---|---|---|---|

8. **Within 1 year before you filed for bankruptcy, did you make any payments or transfer any property on account of a debt that benefited an insider?**
Include payments on debts guaranteed or cosigned by an insider.

- ☑ No
- ☐ Yes. List all payments to an insider

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment Include creditor's name |
|---|---|---|---|---|

**Part 4:    Identify Legal Actions, Repossessions, and Foreclosures**

9. **Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?**
List all such matters, including personal injury cases, small claims actions, divorces, collection suits, paternity actions, support or custody modifications, and contract disputes.

- ☑ No
- ☐ Yes. Fill in the details.

| Case title Case number | Nature of the case | Court or agency | Status of the case |
|---|---|---|---|

10. **Within 1 year before you filed for bankruptcy, was any of your property repossessed, foreclosed, garnished, attached, seized, or levied?**
Check all that apply and fill in the details below.

- ☑ No. Go to line 11.
- ☐ Yes. Fill in the information below.

| Creditor Name and Address | Describe the Property  Explain what happened | Date | Value of the property |
|---|---|---|---|

11. **Within 90 days before you filed for bankruptcy, did any creditor, including a bank or financial institution, set off any amounts from your accounts or refuse to make a payment because you owed a debt?**

- ☑ No
- ☐ Yes. Fill in the details.

| Creditor Name and Address | Describe the action the creditor took | Date action was taken | Amount |
|---|---|---|---|

12. **Within 1 year before you filed for bankruptcy, was any of your property in the possession of an assignee for the benefit of creditors, a court-appointed receiver, a custodian, or another official?**

- ☑ No
- ☐ Yes

**Part 5:    List Certain Gifts and Contributions**

13. **Within 2 years before you filed for bankruptcy, did you give any gifts with a total value of more than $600 per person?**

- ☑ No
- ☐ Yes. Fill in the details for each gift.

| Gifts with a total value of more than $600 per person  Person to Whom You Gave the Gift and Address: | Describe the gifts | Dates you gave the gifts | Value |
|---|---|---|---|

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                                        Best Case Bankruptcy

Debtor 1    **Evelyne Margaret Jenkins**                                         Case number *(if known)*

14. **Within 2 years before you filed for bankruptcy, did you give any gifts or contributions with a total value of more than $600 to any charity?**
- ■ No
- ☐ Yes. Fill in the details for each gift or contribution.

| Gifts or contributions to charities that total more than $600<br>Charity's Name<br>Address (Number, Street, City, State and ZIP Code) | Describe what you contributed | Dates you contributed | Value |
|---|---|---|---|

### Part 6:    List Certain Losses

15. **Within 1 year before you filed for bankruptcy or since you filed for bankruptcy, did you lose anything because of theft, fire, other disaster, or gambling?**

- ■ No
- ☐ Yes. Fill in the details.

| Describe the property you lost and how the loss occurred | Describe any insurance coverage for the loss<br><br>Include the amount that insurance has paid. List pending insurance claims on line 33 of *Schedule A/B: Property*. | Date of your loss | Value of property lost |
|---|---|---|---|

### Part 7:    List Certain Payments or Transfers

16. **Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone you consulted about seeking bankruptcy or preparing a bankruptcy petition?**
Include any attorneys, bankruptcy petition preparers, or credit counseling agencies for services required in your bankruptcy.

- ■ No
- ☐ Yes. Fill in the details.

| Person Who Was Paid<br>Address<br>Email or website address<br>Person Who Made the Payment, if Not You | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|

17. **Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone who promised to help you deal with your creditors or to make payments to your creditors?**
Do not include any payment or transfer that you listed on line 16.

- ■ No
- ☐ Yes. Fill in the details.

| Person Who Was Paid<br>Address | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|

18. **Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs?**
Include both outright transfers and transfers made as security (such as the granting of a security interest or mortgage on your property). Do not include gifts and transfers that you have already listed on this statement.

- ■ No
- ☐ Yes. Fill in the details.

| Person Who Received Transfer<br>Address<br><br>Person's relationship to you | Description and value of property transferred | Describe any property or payments received or debts paid in exchange | Date transfer was made |
|---|---|---|---|

19. **Within 10 years before you filed for bankruptcy, did you transfer any property to a self-settled trust or similar device of which you are a beneficiary?** (These are often called *asset-protection devices*.)
- ■ No
- ☐ Yes. Fill in the details.

| Name of trust | Description and value of the property transferred | Date Transfer was made |
|---|---|---|

Official Form 107                     **Statement of Financial Affairs for Individuals Filing for Bankruptcy**                     page 4

Debtor 1    **Evelyne Margaret Jenkins**                                         Case number *(if known)*

---

| **Part 8:** | List of Certain Financial Accounts, Instruments, Safe Deposit Boxes, and Storage Units |

20. **Within 1 year before you filed for bankruptcy, were any financial accounts or instruments held in your name, or for your benefit, closed, sold, moved, or transferred?**
Include checking, savings, money market, or other financial accounts; certificates of deposit; shares in banks, credit unions, brokerage houses, pension funds, cooperatives, associations, and other financial institutions.

☐ **No**
■ **Yes. Fill in the details.**

| Name of Financial Institution and Address *(Number, Street, City, State and ZIP Code)* | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| **Bank of America**<br>**P.O. Box 15284**<br>**Wilmington, DE 19850** | XXXX- | ■ Checking<br>☐ Savings<br>☐ Money Market<br>☐ Brokerage<br>☐ Other___ | 04/7/2017 | Unknown |
| **Truliant Federal Credit Union**<br>**Post Office Box 26000**<br>**Winston Salem, NC 27114-6050** | XXXX- | ☐ Checking<br>☐ Savings<br>☐ Money Market<br>☐ Brokerage<br>■ Other  **Checking and Savings** | 7/5/2017 | Unknown |

21. **Do you now have, or did you have within 1 year before you filed for bankruptcy, any safe deposit box or other depository for securities, cash, or other valuables?**

■ **No**
☐ **Yes. Fill in the details.**

| Name of Financial Institution Address *(Number, Street, City, State and ZIP Code)* | Who else had access to it? Address *(Number, Street, City, State and ZIP Code)* | Describe the contents | Do you still have it? |
|---|---|---|---|

22. **Have you stored property in a storage unit or place other than your home within 1 year before you filed for bankruptcy?**

■ **No**
☐ **Yes. Fill in the details.**

| Name of Storage Facility Address *(Number, Street, City, State and ZIP Code)* | Who else has or had access to it? Address *(Number, Street, City, State and ZIP Code)* | Describe the contents | Do you still have it? |
|---|---|---|---|

| **Part 9:** | Identify Property You Hold or Control for Someone Else |

23. **Do you hold or control any property that someone else owns? Include any property you borrowed from, are storing for, or hold in trust for someone.**

■ **No**
☐ **Yes. Fill in the details.**

| Owner's Name Address *(Number, Street, City, State and ZIP Code)* | Where is the property? *(Number, Street, City, State and ZIP Code)* | Describe the property | Value |
|---|---|---|---|

| **Part 10:** | Give Details About Environmental Information |

For the purpose of Part 10, the following definitions apply:

■ *Environmental law* means any federal, state, or local statute or regulation concerning pollution, contamination, releases of hazardous or toxic substances, wastes, or material into the air, land, soil, surface water, groundwater, or other medium, including statutes or regulations controlling the cleanup of these substances, wastes, or material.

■ *Site* means any location, facility, or property as defined under any environmental law, whether you now own, operate, or utilize it or used

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                                                Best Case Bankruptcy

Debtor 1    **Evelyne Margaret Jenkins**                                    Case number *(if known)*

to own, operate, or utilize it, including disposal sites.

■ *Hazardous material* means anything an environmental law defines as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, contaminant, or similar term.

**Report all notices, releases, and proceedings that you know about, regardless of when they occurred.**

24. **Has any governmental unit notified you that you may be liable or potentially liable under or in violation of an environmental law?**

■ **No**
☐ **Yes. Fill in the details.**

| Name of site<br>Address (Number, Street, City, State and ZIP Code) | Governmental unit<br>Address (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
|---|---|---|---|
| | | | |

25. **Have you notified any governmental unit of any release of hazardous material?**

☐■ **No**
☐ **Yes. Fill in the details.**

| Name of site<br>Address (Number, Street, City, State and ZIP Code) | Governmental unit<br>Address (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
|---|---|---|---|
| | | | |

26. **Have you been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

☐■ **No**
☐ **Yes. Fill in the details.**

| Case Title<br>Case Number | Court or agency<br>Name<br>Address (Number, Street, City, State and ZIP Code) | Nature of the case | Status of the case |
|---|---|---|---|
| | | | |

**Part 11:**   Give Details About Your Business or Connections to Any Business

27. **Within 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business?**

☐ **A sole proprietor or self-employed in a trade, profession, or other activity, either full-time or part-time**

☐ **A member of a limited liability company (LLC) or limited liability partnership (LLP)**

☐ **A partner in a partnership**

☐ **An officer, director, or managing executive of a corporation**

☐ **An owner of at least 5% of the voting or equity securities of a corporation**

☐■ **No. None of the above applies.  Go to Part 12.**

☐ **Yes. Check all that apply above and fill in the details below for each business.**

| Business Name<br>Address<br>(Number, Street, City, State and ZIP Code) | Describe the nature of the business<br><br>Name of accountant or bookkeeper | Employer Identification number<br>Do not include Social Security number or ITIN.<br><br>Dates business existed |
|---|---|---|
| | | |

28. **Within 2 years before you filed for bankruptcy, did you give a financial statement to anyone about your business? Include all financial institutions, creditors, or other parties.**

☐■ **No**
☐ **Yes. Fill in the details below.**

| Name<br>Address<br>(Number, Street, City, State and ZIP Code) | Date Issued |
|---|---|
| | |

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com

Debtor 1    **Evelyne Margaret Jenkins**                                    Case number (*if known*)

---

| **Part 12:** | **Sign Below** |

I have read the answers on this *Statement of Financial Affairs* and any attachments, and I declare under penalty of perjury that the answers
are true and correct. I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection
with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both.
**18 U.S.C. §§ 152, 1341, 1519, and 3571.**

**/s/ Evelyne Margaret Jenkins**

**Evelyne Margaret Jenkins**                                    **Signature of Debtor 2**
**Signature of Debtor 1**

Date    **July  6, 2017**                                    Date

**Did you attach additional pages to *Your Statement of Financial Affairs for Individuals Filing for Bankruptcy* (Official Form 107)?**
☑ No
☐ Yes

**Did you pay or agree to pay someone who is not an attorney to help you fill out bankruptcy forms?**
☑ No
☐ Yes. Name of Person _____ . Attach the *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

---

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

**Fill in this information to identify your case and this filing:**

| | |
|---|---|
| Debtor 1 | **Evelyne Margaret Jenkins** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse, if filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | MIDDLE DISTRICT OF NORTH CAROLINA (NC EXEMPTIONS) |
| Case number | |

☐ Check if this is an amended filing

Official Form 106A/B

# Schedule A/B: Property

12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:    Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In**

1. **Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

☐ No. Go to Part 2.
■ Yes. Where is the property?

**1.1**

**2722 Edenridge Drive**
Street address, if available, or other description

**High Point**    **NC**    **27265-0000**
City    State    ZIP Code

**Guilford**
County

**What is the property?** Check all that apply

☐ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other

**Who has an interest in the property?** Check one
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

**Valuation Method (Sch. A & B) : Tax Value - 90%**

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**    **$288,090.00**

**Current value of the portion you own?**    **$288,090.00**

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

**Sole Interest**

☐ Check if this is community property (see instructions)

2. **Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here...........................................=>**    **$288,090.00**

**Part 2:    Describe Your Vehicles**

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

3. **Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

■ No
☐ Yes

| Debtor 1 | **Evelyne Margaret Jenkins** | | Case number *(if known)* | _____ |

4.  **Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
    *Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

    ■ No
    ☐ Yes

5  Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for
   pages you have attached for Part 2. Write that number here..........................................................=>

   | **$0.00** |

**Part 3:**   Describe Your Personal and  Household Items

| Do you own or have any legal or equitable interest in any of the following items? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

6.  **Household goods and furnishings**
    *Examples:* Major appliances, furniture, linens, china, kitchenware
    ☐ No
    ■ Yes.  Describe.....

| Household Goods | $3,765.00 |

7.  **Electronics**
    *Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices
    including cell phones, cameras, media players, games
    ☐ No
    ■ Yes.  Describe.....

| Electronics | $1,150.00 |

8.  **Collectibles of value**
    *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections;
    other collections, memorabilia, collectibles
    ■ No
    ☐ Yes.  Describe.....

9.  **Equipment for sports and hobbies**
    *Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools;
    musical instruments
    ■ No
    ☐ Yes.  Describe.....

10. **Firearms**
    *Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
    ■ No
    ☐ Yes.  Describe.....

11. **Clothes**
    *Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
    ☐ No
    ■ Yes.  Describe.....

| Wearing Apparel | $200.00 |

12. **Jewelry**
    *Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
    ■ No
    ☐ Yes.  Describe.....

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

Debtor 1  **Evelyne Margaret Jenkins**                              Case number *(if known)* _____

13. **Non-farm animals**
    *Examples:* Dogs, cats, birds, horses
    ☑ No
    ☐ Yes.  Describe.....

14. **Any other personal and household items you did not already list, including any health aids you did not list**
    ☐ No
    ☑ Yes.  Give specific information.....

    | | |
    |---|---|
    | Possible Consumer Rights Claim(s).<br>Unless otherwise specified, no specific claims are known at present. | **$0.00** |

15. Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here ............................................................................      **$5,115.00**

**Part 4:**  **Describe Your Financial Assets**

| Do you own or have any legal or equitable interest in any of the following? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

16. **Cash**
    *Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition
    ☑ No
    ☐ Yes.......................................................................................................

17. **Deposits of money**
    *Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.
    ☐ No
    ☑ Yes........................                              Institution name:

    17.1.  **Checking Account**   Suntrust                                      **$1,000.00**

18. **Bonds, mutual funds, or publicly traded stocks**
    *Examples:* Bond funds, investment accounts with brokerage firms, money market accounts
    ☑ No
    ☐ Yes..................                 Institution or issuer name:

19. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**
    ☑ No
    ☐ Yes.  Give specific information about them....................
                          Name of entity:                          % of ownership:

20. **Government and corporate bonds and other negotiable and non-negotiable instruments**
    *Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
    *Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.
    ☑ No
    ☐ Yes. Give specific information about them
                          Issuer name:

21. **Retirement or pension accounts**
    *Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans
    ☑ No
    ☐ Yes. List each account separately.
                          Type of account:                Institution name:

Debtor 1   **Evelyne Margaret Jenkins**                                    Case number *(if known)*

22. **Security deposits and prepayments**
    Your share of all unused deposits you have made so that you may continue service or use from a company
    *Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others
    ■ No
    ☐ Yes. ....................                              Institution name or individual:

23. **Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)
    ■ No
    ☐ Yes............              Issuer name and description.

24. **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
    26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).
    ■ No
    ☐ Yes............              Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

25. **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**
    ■ No
    ☐ Yes.  Give specific information about them...

26. **Patents, copyrights, trademarks, trade secrets, and other intellectual property**
    *Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements
    ■ No
    ☐ Yes.  Give specific information about them...

27. **Licenses, franchises, and other general intangibles**
    *Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses
    ■ No
    ☐ Yes.  Give specific information about them...

| Money or property owed to you? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

28. **Tax refunds owed to you**
    ☐ No
    ■ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

| 2016 Federal and State Taxe Refund<br>No Refund<br>Owes Federal and State | Federal and State | $0.00 |
|---|---|---|

29. **Family support**
    *Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement
    ■ No
    ☐ Yes. Give specific information......

30. **Other amounts someone owes you**
    *Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay,  workers' compensation, Social Security
             benefits; unpaid loans you made to someone else
    ■ No
    ☐ Yes.  Give specific information..

31. **Interests in insurance policies**
    *Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance
    ■ No
    ☐ Yes. Name the insurance company of each policy and list its value.
            Company name:                          Beneficiary:                   Surrender or refund value:

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                                    Best Case Bankruptcy

Debtor 1   **Evelyne Margaret Jenkins**                                    Case number *(if known)*

32. **Any interest in property that is due you from someone who has died**
    If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.
    ■ No
    ☐ Yes.  Give specific information..

33. **Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
    *Examples:* Accidents, employment disputes, insurance claims, or rights to sue
    ■ No
    ☐ Yes.  Describe each claim.........

34. **Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**
    ■ No
    ☐ Yes.  Describe each claim.........

35. **Any financial assets you did not already list**
    ■ No
    ☐ Yes.  Give specific information..

36. **Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here....................................................................................................................**    | **$1,000.00** |

| **Part 5:** | Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1. |

37. **Do you own or have any legal or equitable interest in any business-related property?**
    ■ No. Go to Part 6.
    ☐ Yes.  Go to line 38.

| **Part 6:** | Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In. |
| | If you own or have an interest in farmland, list it in Part 1. |

46. **Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**
    ■ No. Go to Part 7.
    ☐ Yes.  Go to line 47.

| **Part 7:** | Describe All Property You Own or Have an Interest in That You Did Not List Above |

53. **Do you have other property of any kind you did not already list?**
    *Examples:* Season tickets, country club membership
    ☐ No
    ■ Yes. Give specific information.........

.**IMPORTANT NOTICES:**

**(1) Valuation Method (Sch. A & B): FMV unless otherwise noted.**

**(2) Creditor claims disclosed on Sch. D, E & F are estimates only, drawn largely from unverified information provided by the creditor, and shall not be considered an admission by the Debtor(s) of the amount owed, interest, late fees, etc. Nor is this listing of a creditor or representatives an admission by the Debtor(s) that such parties are actual owners of such claims.**    **$0.00**

54. **Add the dollar value of all of your entries from Part 7. Write that number here  ...................................**    | **$0.00** |

Debtor 1    **Evelyne Margaret Jenkins**                                  Case number *(if known)* _____

| Part 8: | List the Totals of Each Part of this Form |
|---------|-------------------------------------------|

| | | |
|---|---|---:|
| 55. | **Part 1: Total real estate, line 2** ................................................................................................. | $288,090.00 |
| 56. | **Part 2: Total vehicles, line 5** | $0.00 |
| 57. | **Part 3: Total personal and household items, line 15** | $5,115.00 |
| 58. | **Part 4: Total financial assets, line 36** | $1,000.00 |
| 59. | **Part 5: Total business-related property, line 45** | $0.00 |
| 60. | **Part 6: Total farm- and fishing-related property, line 52** | $0.00 |
| 61. | **Part 7: Total other property not listed, line 54**   + | $0.00 |

62.   **Total personal property.** Add lines 56 through 61...            $6,115.00            Copy personal property total            $6,115.00

63.   **Total of all property on Schedule A/B**. Add line 55 + line 62            $294,205.00

---

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com

# UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# GREENSBORO DIVISION

In Re:

**Evelyne Margaret Jenkins**                          Case No. _____

Social Security No.: xxx-xx-3100
Address: 2722 Edenridge Drive, High Point, NC 27265                          Form 91C (rev. 1/21/14)

                                        Debtor.

## DEBTOR'S CLAIM FOR PROPERTY EXEMPTIONS

The undersigned Debtor hereby claims the following property as exempt pursuant to 11 U.S.C. Sections 522(b)(3)(A),(B), and (C), the North Carolina General Statues, and non-bankruptcy federal law.  Undersigned Debtor is claiming and intends to claim as exempt 100% of Debtor's interest in each and every item listed, irrespective of the actual value claimed as exempt.

1. **RESIDENCE EXEMPTION: REAL OR PERSONAL PROPERTY USED AS A RESIDENCE OR BURIAL PLOT.**
   Each debtor can retain an aggregate interest in such property, **not to exceed a total net value of $35,000.** (N.C.G.S. § 1C-1601(a)(1) (NC Const. Article X, Section 2)(See * below)

| Description of Property & Address | Market Value | Mortgage Holder or Lien Holder | Amount of Mortgage or Lien | Net Value |
|---|---|---|---|---|
|  |  |  |  |  |

| | |
|---|---|
| **TOTAL NET VALUE:** |  |
| **VALUE CLAIMED AS EXEMPT:** |  |
| **UNUSED AMOUNT OF EXEMPTION:** |  |

**RESIDENCE EXEMPTION:  REAL OR PERSONAL PROPERTY USED AS A RESIDENCE OR BURIAL PLOT**.

 Exception to $18,500 limit: An unmarried debtor who is 65 years of age or older is entitled to retain an aggregate interest in property **not to exceed $60,000** in net value, so long as: (1) the property was previously owned by the debtor as a tenant by the entireties or as a joint tenant with rights of survivorship and (2) the former co-owner of the property is deceased, in which case the debtor must specify his/her age and the name of the former co-owner (if a child use initials only) of the property below. (N.C.G.S. § 1C-1601(a)(1) (NC Const. Article X, Section 2)(See * below)

| Description of Property & Address | Market Value | Mortgage Holder or Lien Holder | Amount of Mortgage or Lien | Net Value |
|---|---|---|---|---|
| Home and Land 2722 Edenridge Drive High Point, NC 27265 | $288,090.00 | AAG | $211,556.52 | $76,533.48 |

| | | |
|---|---|---|
| Debtor's Age :70 | **TOTAL NET VALUE:** | $76,533.48 |
| Name of former co-owner: Douglas G. Jenkins | **VALUE CLAIMED AS EXEMPT:** | $60,000.00 |
|  | **UNUSED AMOUNT OF EXEMPTION:** | $0.00 |

* Note to all interested parties: Notwithstanding the above, in the event that: (1) this concerns a Chapter 13 case filed within 12 months after the dismissal of a prior bankruptcy case, and (2) a creditor has, prior to the filing of this case, taken an "action" as that term is defined in In re: Paschal, 337 B.R. 27 (2006), the debtor(s) do not claim the property as exempt, in which case the above information is provided for the sole purpose of determining compliance as required by 11 U.S.C. 1325(a)(4).

2.  **TENANCY BY THE ENTIRETY**: **All the net value** in the following property is claimed as exempt pursuant to 11 U.S.C. § 522(b)(3)(B) and the law of the State of North Carolina pertaining to property held as tenants by the entirety.  (No limit on amount or number of items.)(See * above which shall also apply with respect to this exemption.)

| Description of  Property & Address |
| --- |
| 1. |
| 2. |

3.  **MOTOR VEHICLE EXEMPTION:** Each debtor can claim an exemption in only <u>one</u> vehicle, not to exceed $3,500.00 in net value. (N.C.G.S. § 1C-1601(a)(3))

| Year, Make, Model, Style of Motor Vehicle | Market Value | Lien Holder | Amount of  Lien | Net Value |
| --- | --- | --- | --- | --- |
| N./ A | | | | |

| | |
| --- | --- |
| **TOTAL NET VALUE:** | |
| **VALUE CLAIMED AS EXEMPT:** | |

4.  **TOOLS OF TRADE, IMPLEMENTS, OR PROFESSIONAL BOOKS:** (Each debtor can retain an aggregate interest, not to exceed $2,000.00 in net value.)  (N.C.G.S. § 1C-1601(a)(5))

| Description | Market Value | Lien Holder | Amount of  Lien | Net Value |
| --- | --- | --- | --- | --- |
| | | | | |

| | |
| --- | --- |
| **TOTAL NET VALUE:** | |
| **VALUE CLAIMED AS EXEMPT:** | |

5.  **PERSONAL PROPERTY USED FOR HOUSEHOLD OR PERSONAL PURPOSES:** Each debtor can retain a total aggregate interest, not to exceed $5,000.00 in net value, <u>plus</u> $1000.00 in net value for each dependent of the debtor (not to exceed $4,000 total for dependents.) (N.C.G.S. § 1C-1601(a)(4) & NC Const., Article X, Section 1)

The number of dependents for exemption purposes is:_____

| Description of Property | Market Value | Lien Holder | Amount of Lien | Net Value |
| --- | --- | --- | --- | --- |
| Clothing & Personal | | | | $200.00 |
| Kitchen Appliances | | | | $150.00 |
| Stove | | | | $15.00 |
| Refrigerator | | | | $100.00 |
| Freezer | | | | $0.00 |
| Washing Machine | | | | $450.00 |
| Dryer | | | | $450.00 |

| | | | | |
|---|---|---|---|---|
| China | | | | $300.00 |
| Silver | | | | $0.00 |
| Jewelry | | | | $0.00 |
| Living Room Furniture | | | | $200.00 |
| Den Furniture | | | | $150.00 |
| Bedroom Furniture | | | | $100.00 |
| Dining Room Furniture | | | | $200.00 |
| Lawn Furniture | | | | $200.00 |
| Television | | | | $900.00 |
| (  ) Stereo (  ) Radio | | | | $0.00 |
| (  ) VCR (  ) Video Camera | | | | $5.00 |
| Musical Instruments | | | | $0.00 |
| (  ) Piano (  ) Organ | | | | $0.00 |
| Air Conditioner | | | | $0.00 |
| Paintings or  Art | | | | $800.00 |
| Lawn Mower | | | | $0.00 |
| Yard Tools | | | | $200.00 |
| Crops | | | | $0.00 |
| Recreational Equipment | | | | $0.00 |
| Computer Equipment | | | | $250.00 |
| Firearms | | | | $0.00 |

| | |
|---|---|
| **TOTAL NET VALUE:** | $4,920.00 |
| **VALUE CLAIMED AS EXEMPT:** | $5,000.00 |

6.   **LIFE INSURANCE**: There is no limit on amount or number of policies. (N.C.G.S. § 1C-1601(a)(6) & NC Const., Article X, Sect. 5)

| Description & Company | Insured | Last 4 Digits of Policy Number | Beneficiary (If child, use initials only) |
|---|---|---|---|
| | | | |

7.   **PROFESSIONALLY PRESCRIBED HEALTH AIDS:** Debtor or Debtor's Dependents. (No limit on value.) (N.C.G.S. § 1C-1601(a)(7))

| Description |
|---|
| |

8.   **COMPENSATION FOR PERSONAL INJURY, INCLUDING COMPENSATION FROM PRIVATE DISABILITY POLICIES OR ANNUITIES, OR COMPENSATION FOR THE DEATH OF A PERSON UPON WHOM THE DEBTOR WAS DEPENDENT FOR SUPPORT**. There is no limit on this exemption. All such amounts are claimed as exempt. (The compensation is not exempt from related legal, health or funeral expenses.) (N.C.G.S. § 1C-1601(a)(8))

| Description | Source of Compensation | Last 4 Digits of Any Account Number |
|---|---|---|
|  |  |  |

The Debtor claims an exemption in any possible consumer rights claim only to the extent that the settlement/award is found by the Bankruptcy Court, upon the filing of a Motion for Approval of Settlement/Award and for Allowance of Exemptions and an Amendment to this Schedule C, to be in the nature of a personal injury claim, if allowed as exempt under applicable law, or to the extent that it is found to be other than a personal injury claim only to the extent of the dollar amount available to the Debtor under another exemption, such as the wildcard exemption, under applicable exemptions law. The time within which the trustee may object to the claiming of any exemption in this asset, shall be deemed tolled until such time as the Motion and Amendment are filed and served upon the trustee.

9.  **INDIVIDUAL RETIREMENT PLANS AS DEFINED IN THE INTERNAL REVENUE CODE AND ANY PLAN TREATED IN THE SAME MANNER AS AN INDIVIDUAL RETIREMENT PLAN UNDER THE INTERNAL REVENUE CODE.** (N.C.G.S. § 1C-1601(a)(9)) (No limit on number or amount.).  Debtor claims an exemption in all such plans, plus all other **RETIREMENT FUNDS** as defined in 11 U.S.C. Section 522(b)(3)(c).

10. **COLLEGE SAVINGS PLANS QUALIFIED UNDER SECTION 529 OF THE INTERNAL REVENUE CODE.** Total net value <u>not to exceed $25,000.</u> If funds were placed in a college savings plan within the 12 months prior to filing, such contributions must have been made in the ordinary course of the debtor's financial affairs <u>and</u> must have been consistent with the debtor's past pattern of contributions. The exemption applies to funds for a child of the debtor that will actually be used for the child's college or university expenses. (N.C.G.S. § 1C-1601(a)(10))

| College Savings Plan | Last 4 Digits of Account Number | Initials of Child Beneficiary | Value |
|---|---|---|---|
|  |  |  |  |

| | VALUE CLAIMED AS EXEMPT: | |
|---|---|---|
|  |  |  |

11. **RETIREMENT BENEFITS UNDER THE RETIREMENT PLANS OF OTHER STATES AND GOVERNMENT UNITS OF OTHER STATES.**  (The debtor's interest is exempt only to the extent that these benefits are exempt under the law of the State or governmental unit under which the benefit plan is established.) (N.C.G.S. § 1C-1601(a)(11))

| Name of Retirement Plan | State or Governmental Unit | Last 4 Digits of Identifying Number | Value |
|---|---|---|---|
|  |  |  |  |

| | VALUE CLAIMED AS EXEMPT: | |
|---|---|---|
|  |  |  |

12. **ALIMONY, SUPPORT, SEPARATE MAINTENANCE, AND CHILD SUPPORT PAYMENTS OR FUNDS THAT HAVE BEEN RECEIVED OR TO WHICH THE DEBTOR IS ENTITLED** (The debtor's interest is exempt to the extent the payments or funds are reasonably necessary for the support of the debtor or any dependent of the debtor.) (N.C.G.S. § 1C-1601(a)(12))

| Type of Support | Location of Funds | Amount |
|---|---|---|
|  |  |  |

| | VALUE CLAIMED AS EXEMPT: | |
|---|---|---|
|  |  |  |

13. **WILDCARD EXEMPTION:** Each debtor can retain a total aggregate interest in any other property, not to exceed a net value of $5,000.00, or the unused portion of the debtor's <u>residence</u> exemption , <u>whichever is less.</u> (N.C.G.S. § 1C-1601(a)(2))

| Description of the Property | Market Value | Lien Holder | Amount of Lien | Net Value |
|---|---|---|---|---|
| Any property owned by the debtor(s), not otherwise claimed as exempt. | | | | |
| Suntrust Checking Account | $1,000.00 | | | $1,000.00 |

| | |
|---|---|
| **TOTAL NET VALUE:** | **$1,000.00** |
| **VALUE CLAIMED AS EXEMPT:** | **$0.00** |

14.  **OTHER EXEMPTIONS CLAIMED UNDER THE LAWS OF THE STATE OF NORTH CAROLINA**:

| | Amount |
|---|---|
| Aid to the Aged, Disabled and Families with Dependent Children N.C.G.S. § 108A-36 | |
| Aid to the Blind  N.C.G.S. § 111-18 | |
| Yearly Allowance of Surviving Spouse N.C.G.S. § 30-15 | |
| North Carolina Local Government Employees Retirement Benefits N.C.G.S. § 128-31 | |
| North Carolina Teachers and State Employee Retirement Benefits N.C.G.S. § 135-9 | |
| Fireman's and Rescue Workers' Pensions N.C.G.S. § 58-86-90 | |
| Workers Compensation Benefits N.C.G.S. § 97-21 | |
| Unemployment benefits, so long as not commingled and  except for debts for necessities purchased while unemployed N.C.G.S. §  96-17 | |
| Group Insurance Proceeds N.C.G.S. § 58-58-165 | |
| Partnership Property, except on a claim against the partnership N.C.G.S. § 59-55 | |
| **Wages of Debtor** necessary for the support of family  N.C.G.S. § 1-362 | |

| | |
|---|---|
| **VALUE CLAIMED AS EXEMPT:** | |

15.  **EXEMPTIONS CLAIMED UNDER NON-BANKRUPTCY FEDERAL LAW**:

| | Amount |
|---|---|
| Foreign Service Retirement and Disability Payments  22 U.S.C. § 4060 | |
| Social Security Benefits 42 U.S.C. § 407 | |
| Injury or death compensation payments from war risk hazards 42 U.S.C. § 1717 | |
| Wages of Fishermen, Seamen and Apprentices, 46 U.S.C. § 11108 &11109 | |
| Civil Service Retirement Benefits 5 U.S.C. § 8346 | |
| Longshoremen and Harbor Workers Compensation Act death and disability benefits  33 U.S.C. §  916 | |
| Railroad Retirement Act annuities and pensions 45 U.S.C. § 231m | |
| Veteran benefits 38 U.S.C. § 5301 | |
| Special pension paid to winners of Congressional Medal of Honor 38 U.S.C. § 1562 | |

| VALUE CLAIMED AS EXEMPT: | |
|---|---|

**UNSWORN DECLARATION UNDER PENALTY OF PERJURY**

I, the undersigned Debtor, declares under penalty of perjury that I have read the foregoing document, consisting of 14 paragraphs on consecutive pages, and that they are true and correct to the best of my knowledge, information and belief.

Dated: July 6, 2017

s/ Evelyne Margaret Jenkins
_____
Evelyne Margaret Jenkins

**UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**
**GREENSBORO DIVISION**

In Re:

**Evelyne Margaret Jenkins**                               **PROPOSED CHAPTER 13 PLAN**

Social Security No.:  xxx-xx-3100                Case No. _____

                                                                      Chapter   13

Address: 2722 Edenridge Drive, High Point, NC 27265

_____ Debtor.

The Debtor proposes an initial plan, which is subject to modification, as follows:

This document and the attached **CH. 13 PLAN - DEBTS SHEET (MIDDLE)** shall, together, constitute the proposed plan; and all references herein are to corresponding sections of said attached document.  The terms and conditions of this proposed plan shall control and apply except to the extent that they contradict the terms and conditions of the order confirming the Chapter 13 plan entered by this Court in this case:

1.  **Payments to the Trustee**:   The Debtor proposes to pay to the Trustee from future earnings consecutively monthly payments, for distribution to creditors after payment of costs of administration.  See **"PROPOSED PLAN PAYMENT"** section for amount of monthly payment and the duration. Actual duration will be determined in accordance with the provisions set forth in the Paragraph 2 below.

2.  **Duration of Chapter 13 Plan**: at the earlier of, the expiration of the Applicable Commitment Period or the payment  to the Trustee of a sum sufficient to pay in full: (A) Allowed administrative priority claims, including specifically the Trustee's commissions and attorneys' fees and expenses ordered by the Court to be paid to the Debtor's Attorney, (B) Allowed secured claims (including but not limited to arrearage claims), excepting those which are scheduled to be paid directly by the Debtor "outside" the plan, (C) Allowed unsecured priority claims, (D) Cosign protect consumer debt claims (only where the Debtor proposes such treatment), (E) Post-petition claims allowed under 11 U.S.C. § 1305, (F) The dividend, if any, required to be paid to non-priority, general unsecured creditors (not including priority unsecured creditors) pursuant to 11 U.S.C. §  1325(b)(1)(B), and (G) Any extra amount necessary to satisfy the "liquidation test" as set forth in 11 U.S.C. § 1325(a)(4).

3.  **Payments made directly to creditors**:  The Debtor proposes to make regular monthly payments directly to the following creditors:   See **"RETAIN COLLATERAL & PAY DIRECT OUTSIDE PLAN"** section.  It shall not be considered a violation of the automatic stay if, after the bankruptcy filing, a secured creditor sends to the Debtor  payment coupon books  or  monthly payment invoices  with respect to debts set forth  in this section of the plan.

4.  **Disbursements by the Trustee**: The Debtor proposes that the Trustee make the following distributions to creditors holding allowed claims, after payment of costs of administration as follows:  See **"INSIDE PLAN"** section.  More specifically:

    a.  The following secured creditors shall receive their regular monthly contract payment: See **"LTD - Retain / DOT on Principal Res./Other Long Term Debts"** section. At the end of the plan, the Debtor  will resume making payments directly to the creditor on any such debt not paid in full during the life of the plan.

    b.  The following secured creditors shall be paid in full on their arrearage claims over the life of the plan on a pro-rata basis with other secured claims (not including LTD claims): See **"Arrearage Claims"** section.

    c.  The following creditors have partially secured and partially unsecured claims.  The secured part of the claim shall be paid in full over the life of the plan on a pro-rata basis with other secured claims (not including LTD claims): See **"STD - Retain/Secured Debts (Paid at FMV)"** and **"Secured Taxes"** sections.

    d.  The following secured creditors shall be paid in full over the life of the plan on a pro-rata basis with other secured claims (not including LTD claims):  See **"STD - Retain / Secured Debts & 910 Vehicles (Pay 100%)"** section.

    e.  The following priority claims shall be paid in full by means of deferred payment: See **"Unsecured Priority Debts"** section.

    f.  The following co-signed claims shall be paid in full, plus interest at the contract rate, by means of deferred payments: See **"Cosign Protect Debts (Pay 100% )"** section.

    g.  After payment of allowed costs of administration, priority and secured claims, the balance of the funds paid to the Trustee shall be paid to allowed, general unsecured, non-priority claims.  See **"General Unsecured Non-Priority Debts"** section.

5.  **Property to be surrendered**:   The Debtor proposes to retain all property serving as collateral for secured claims, except for the following property, which shall be surrendered to the corresponding secured creditor(s): See **"SURRENDER COLLATERAL"** section.  Unless an itemized Proof of Claim for any deficiency is filed within 120 days after confirmation of this plan, said creditor shall not receive any further disbursement from the trustee.  Any personal property  serving as collateral for a secured claim which is surrendered, either  in the confirmation order or by other court order, which the  lien holder does not take possession of within 240 days of the entry of such order shall be deemed abandoned and said lien cancelled.

6. **Executory contracts**: The Debtor proposes to assume all executory contracts and leases, except those specifically rejected. See "**REJECTED EXECUTORY CONTRACTS / LEASES**" section.

7. **Retention of Consumer Rights Causes of Action**: Confirmation of this plan shall constitute a finding that the Debtor does not waive, release or discharge but rather retains and reserves for herself and the Chapter 13 Trustee any and all pre-petition claims and any and all post-petition claims that she could or might assert against any party or entity arising under or otherwise related to any state or federal consumer statute or under state or federal common law including but not limited to fraud, misrepresentation, breach of contract, unfair and deceptive acts and practices, retail installment sales act violations, Truth in Lending violations, Home Equity Protection Act violations, Real Estate Settlement Protection Act violations, Fair Debt Collection Practices Act violations, Fair Credit Reporting Act violations, Equal Credit Opportunity Act violations, Fair Credit Billing Act violations, Consumer Leasing Act violations, Federal Garnishment Act violations, Electronic Funds Transfer Act violations, and any and all violations arising out of rights or claims provided for by Title 11 of the United States Code, by the Federal Rules of Bankruptcy Procedure, or by the Local Rules of this Court.

8. **Standing for Consumer Rights Causes of Action**: Confirmation of this plan shall vest in the Debtor full and complete standing to pursue any and all claims against any parties or entities for all rights and causes of action provided for under or arising out of Title 11 of the United States Code including but not limited to the right to pursue claims for the recovery of property of this estate by way of turnover proceedings, the right to recover pre-petition preferences, the right to pursue automatic stay violations, and the right to pursue discharge violations.

9. **Termination of Liens:** Upon the full payment of a secured party's underlying debt determined under non-bankruptcy law or the granting of a discharge pursuant to 11 U.S.C. § 1328, the secured party shall within 10 days after demand and, in any event, within 30 days, execute a release of its security interest on the property securing said claim. In the case of a motor vehicle, said secured creditor shall execute a release on the title thereto in the space provided therefore on the certificate or as the Division of Motor Vehicles prescribes, and mail or deliver the certificate and release to the Debtor or the Debtor's Attorney. Confirmation of this plan shall impose an affirmative and direct duty on each such secured party to comply with the provision and upon failure to so comply. This provision may be enforced in a proceeding filed before the Bankruptcy Court and each such creditor consents to such jurisdiction by failure to file any timely objection to this plan. Such an enforcement proceeding may be filed by the Debtor in this case either before or after the entry of the discharge order and either before or after the closing of this case. The Debtor specifically reserves the right to file a motion to reopen this case under 11 U.S.C. § 350 to pursue the rights and claims provided for herein.

10. **Jurisdiction for Non-Core Matters**: Confirmation of this plan shall constitute the expressed consent by any party in interest in this case, or any one or more of them, including all creditor or other parties duly listed in Schedules D, E, F, G, and H, or any amendments thereto, to the referral of a proceeding related to a case under Title 11 of the United States Code to a Bankruptcy Judge to hear and determine and to enter appropriate orders and judgments as provided for by 28 U.S.C. § 157(c)(2).

11. **Obligations of Mortgagors**: Confirmation of this plan shall impose an affirmative duty on the holders of all claims secured by mortgages or deeds of trust on real property of this estate to:

    a. Pursuant to 11 U.S.C. § 1326, adequate protection payments shall not be made on allowed secured claims secured by real property prior to confirmation. This provision shall not preclude such a claim-holder from requesting additional adequate protection pursuant to 11 U.S.C. § 362(d);

    b. Apply any payments received from the Trustee under the plan as the same is designated by the Trustee only to the pre-petition arrears provided for in the confirmed plan;

    c. Apply any payments received from the Trustee under the plan as the same is designated by the Trustee, that is to either pre-petition interest or pre-petition principal as the case may be;

    d. Apply all post-petition payments received from the Chapter 13 Trustee under the plan as the same is designated by the Trustee, to the post-petition mortgage obligations of the Debtor for the actual months for which such payments are designated;

    e. Apply all post-petition payments received directly from the Debtor to the post-petition mortgage obligations due;

    f. Refrain from the practice of imposing late charges when the only delinquency is attributable to the pre-petition arrears included in the plan;

    g. Refrain from the imposition of monthly inspection fees or any other type of bankruptcy monitoring fee without prior approval of the Bankruptcy Court after notice and hearing;

    h. Refrain from the imposition of any legal or paralegal fees or similar charges incurred following confirmation without prior approval of the Bankruptcy Court after notice and hearing;

    i. Pursuant to 12 U.S.C. § 2609, 15 U.S.C. § 1602, and all other applicable state, federal and contractual requirements, promptly notify the Debtor, the Debtor's Attorney and the Chapter 13 Trustee of any adjustment in the on-going payments for any reason, including, without limitation, changes resulting for Adjustable Rate Mortgages and/or escrow changes. The Debtor specifically agrees that provision of such notice shall not constitute a violation of 11 U.S.C. § 362;

    j. Pursuant to 11 U.S.C. § 524 and all other applicable state and federal laws, verify, at the request of the Debtor, Debtor's Attorney or Chapter 13 Trustee, that the payments received under the confirmed plan were properly applied;

    k. Pursuant to N.C.G.S. § 45-91 and all other applicable state, federal and contractual requirements notify the Debtor, the Debtor's Attorney and the Chapter 13 Trustee with notice of the assessment of any fees, charges etc. The Debtor specifically agrees that provision of such notice shall not constitute a violation of 11 U.S.C. § 362; and

    l. This provision of this plan may be enforced in a proceeding filed before the Bankruptcy Court and each such secured creditor consents to such jurisdiction by failure to file any timely objection to this plan. Such an enforcement proceeding may be filed by the Debtor in this case either before or after the entry of the discharge order and either before or after the closing of this case. The Debtor specifically reserves the right to file a motion to reopen this case under 11 U.S.C. § 350 to pursue the rights and claims

herein.

12. **Arbitration**:  Acceptance by creditors of payments under this plan and/or failure of any creditor to file an objection to confirmation of the plan herein, constitutes waiver of any right(s) of said creditor(s) to seek enforcement of any arbitration agreement and constitutes consent to the removal of any arbitration clause from any type of contract or contracts with the Debtor  herein during the pendency of this case.

13. **Post-petition tax claims**: The Debtor's  plan shall provide for full payment of any post-petition tax claim filed by the Internal Revenue Service which are allowed pursuant to 11 U.S.C. §  1305 (b), unless the Internal Revenue Service, after a good faith consideration of the effect such a claim  would have on the feasibility of the Debtor's Chapter 13 plan, specifically agrees to a different treatment of such claim.  However, any future modification of the Debtor's plan to provide for full payment of any allowed post-petition tax claim shall only occur after the filing of a motion requesting a modification of the plan to that effect.

14. **Offers in Compromise**:  The Internal Revenue Service shall, pursuant to I.R.C. §7122 (a) (2002) and 11 U.S.C. §§105 and 525 (a), and notwithstanding any provisions of the Internal Revenue Manual, consider any properly tendered Offer in Compromise by the Debtor. This provision shall not be construed to require the Internal Revenue Service to accept any such Offer in Compromise, but the Internal Revenue Service shall consider such Offer in Compromise as if the Debtor was not in an on-going bankruptcy. In the event that an Offer in Compromise is accepted by the Internal Revenue Service and any tax obligation is reduced, the Chapter 13 Trustee shall review the Chapter 13 payment to determine if a reduction in the plan payment is feasible.

15. **Adequate Protection Payments**: The Debtor proposes that all pre-confirmation adequate protection payments be paid as follows:

    a. Not later than 30 days after the date of the order for relief, the Debtor shall commence paying directly to the lessor all payments scheduled in a lease of personal property or portion thereof that become due after the said order for relief.  Absent a timely objection to confirmation of the proposed plan, it shall be presumed that the Debtor has made such payments as required by 11 U.S.C. § 1326(a)(1)(B) of the Bankruptcy Code.

    b. All pre-confirmation adequate protection payments required by 11 U.S.C. §  1326(a)(1)(c) payable to a creditor holding an allowed claim secured by personal property, to the extent that the claim is attributable to the purchase of such property by the Debtor shall be disbursed by the Chapter 13 Trustee.

    c. Each creditor entitled to receive a pre-confirmation adequate protection payment pursuant to 11 U.S.C. § 1326(a)(1)(c) shall be paid each month the amount set forth in the column entitled "Adequate Protection".  These amounts shall equal **1.00%** of the FMV of the property securing the corresponding creditor's claim **or** the monthly amount necessary to amortize the claim (computed at the Trustee's interest rate) over the life of the plan, whichever is less.

    d. The principal amount of the adequate protection recipient's claim shall be reduced by the amount of the adequate protection payments remitted to the recipient.

    e. All adequate protection payments disbursed by the Chapter 13 Trustee shall be subject to an administrative fee in favor of the Trustee equal to the Trustee's statutory percentage commission then in effect, and the Trustee shall collect such fee at the time of the distribution of the adequate protection payment to the creditor.

    f. All adequate protection payments disbursed by the Chapter 13 Trustee shall be made in the ordinary course of the Trustee's business from funds in this case as they become available for distribution.

    g. No adequate protection payment to a creditor who is listed in the plan as a secured creditor shall be required until a proof of claim is filed by such creditor which complies with Rule 3001 of the Federal Rules of Bankruptcy Procedure.

    h. The Trustee shall not be required to make pre-confirmation adequate protection payments on account of any claim in which the collateral for such claim is listed in the plan as having a value of less than $2,000.00.

    i. The names, addresses and account numbers for each secured creditor entitled to receive a pre-confirmation adequate protection payment as set forth on Schedule D filed in this case are incorporated herein, as if set forth herein at length.

    j. Adequate protection payments shall continue until all unpaid Debtor's Attorney's fees are paid in full.

16. **Interest on Secured Claims**:

    a. Arrearage: No interest shall accrue on any arrearage claim.

    b. Secured Debts Paid at FMV:  The lesser of Trustee's interest rate (set pursuant to *In re Till*) and the contract interest rate.

    c. Secured Debts Paid in Full:

        i. Regarding "910 vehicle" claims:  Pursuant to 11 U.S.C. §1322, interest only to the extent that the  value , as of the effective date of the plan (hereinafter the "Time Value"), of the motor vehicle exceeds the amount of the claim.  The Time Value shall be the total of the  payments to amortize the FMV of the motor vehicle, defined as 90% of the N.A.D.A. Retail, at the Trustee's interest rate over the total length of the Chapter 13 plan.

        ii. All other secured claims: The lesser of the Trustee's interest rate and the contract interest rate.

17. **Debtor's  Attorney's Fees**:  In the event that the Trustee has, at the time of Confirmation, funds in excess of any amounts necessary to make adequate protection payments to holders of allowed secured claims for personal property, specifically excluding payments for real property due between the filing of the petition and Confirmation, all such funds shall be paid towards unpaid Debtor's Attorney's fees.

18. **Non-Vesting:**  Property of the estate shall NOT re-vest in the Debtor upon confirmation of the Chapter 13 plan.

19. **Real Estate Taxes**  Real estate taxes that are paid by the Debtor through an escrow account as part of any direct mortgage payment, or as part of a conduit payment made by the Trustee, shall continue to be paid by the Debtor  through such escrow  account and shall be disbursed  by the servicer from such escrow account.  They  shall not be made separately by the Trustee.

20. **Transfer of Mortgage Servicing**:  Pursuant to 12 U.S.C. § 2605(f),  in the event that the mortgage servicing for any of the Debtor's mortgages is transferred during this case,  notice of such transfer of service shall be provided to the Debtor, the Debtor's Attorney and

the Chapter 13 Trustee within thirty (30) days. Such notice shall include the identity of the new servicer, the address and a toll-free telephone number for the new servicer, instructions on whom to contact with authority regarding such servicing, and the location where the transfer of mortgage servicing is recorded.

21. **401K Loans**: Upon payment in full of a 401K plan loan, the Debtor shall increase Debtor's 401K plan contributions by an amount equal to the amount that was being paid on said 401K loan.

22. **Non-Disclosure of Personal Information**: Pursuant to NCGS 75-66 and other state and federal laws, the Debtor objects to the disclosure of any personal information by any party, including without limitations, all creditors listed in the schedules filed in this case.

23. **Other provisions of plan (if any)**: See "OTHER PROVISIONS" section.

### Definitions

**LTD**: Long Term Debt and refers to both: (1) Debts which cannot be modified due to 11 U.S.C. § 1322(b)(2), and (2) Debts where modification in the plan will not result in a payment lower than the contract payment.

**STD**: Short Term Debt and refers to debts where the months left on the contract are less than or equal to 60 months.

**Retain**: Means the Debtor intends to retain possession and/or ownership of the collateral securing a debt.

**910**: Means and refers to the purchase money security interest portion of a claim secured by a motor vehicle, where the motor vehicle was acquired within 910 days before the filing of the bankruptcy case for the personal use of the Debtor.

**Sch D #**: References the number of the secured debt as listed on Schedule D.

**Int. Rate**: Means Interest Rate to be paid a secured claim.

Dated:  July 6, 2017

s/ Evelyne Margaret Jenkins
_____
Evelyne Margaret Jenkins

(rev. 7/19/16)

**UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**
**GREENSBORO DIVISION**

In Re:

**Evelyne Margaret Jenkins**

Case No. _____

Social Security No.:   xxx-xx-3100

Chapter 13

Address: 2722 Edenridge Drive, High Point, NC 27265

Debtor.

| Below Median Income Disposable Income Calculation | | | |
|---|---|---|---|
| **CMI Income (Before Marital Adjustment)** (Form 22C-1, line 11) | $ 2,534.89 | **Schedule I Income** **Minus** **Schedule I Expenses** (Sch. I, line 12) | $ 3,218.69 |
| **Minus** | | | |
| **Child Support received** (1st column) (Sch. I, line 8c) | 0.00 | | |
| **Child Support received** (2nd column) (Sch. I, line 8c) | 0.00 | | |
| **Schedule I expenses** (1st column)(Sch. I, line 6) | 0.00 | | |
| **Schedule I expenses** (2nd column)(Sch. I, line 6) | 0.00 | | |
| **Schedule J expenses (Not including proposed plan payment as expense** (Sch. J, line 23b) | 0.00 | **Schedule J expenses (Not including proposed plan payment as expense)** (Sch. J, line 23b) | 0.00 |
| **Plan payment (Averaged over 36 months)** | 404.00 | | |
| **Equals Means Test Derived Disposable Income:** | $ 2,130.89 | **Equals Actual Disposable Income:** (Sch. J, line 23c) | 413 |

**(edocs rev. 10/25/16)**

# CH. 13 PLAN - DEBTS SHEET
## (MIDDLE DISTRICT - DESARDI VERSION)

**Date:** 3/3/17
**Lastname-SS#:** Jenkins-3100

## RETAIN COLLATERAL & PAY DIRECT OUTSIDE PLAN

| | Creditor Name | Sch D # | Description of Collateral |
|---|---|---|---|
| Retain | Homeowner's Insurance | 1 | |
| | Guilford County Real Estate Taxes | | |
| | AAG | | |

## SURRENDER COLLATERAL

| Creditor Name | Description of Collateral |
|---|---|
| | |

## ARREARAGE CLAIMS

| | Creditor Name | Sch D # | Arrearage Amount | (See †) |
|---|---|---|---|---|
| Retain | Homeowner's Insurance | | | ** |
| | Guilford County Real Estate Taxes | | | ** |
| | AAG | | | ** |
| | | | | ** |
| | | | | ** |
| | | | | ** |
| | | | | ** |
| | | | | ** |

## REJECTED EXECUTORY CONTRACTS/LEASES

| Creditor Name | Description of Collateral |
|---|---|
| **All Arbitration Provisions** | |

## LTD - DOT ON PRINCIPAL RESIDENCE & OTHER LONG TERM DEBTS

| | Creditor Name | Sch D # | Monthly Contract Amount | Int. Rate | Adequate Protection | Minimum Equal Payment | Description of Collateral |
|---|---|---|---|---|---|---|---|
| Retain | | | | N/A | n/a | | |
| | | | | N/A | n/a | | |
| | | | | N/A | n/a | | |
| | | | | N/A | n/a | | |

## STD - SECURED DEBTS @ FMV

| | Creditor Name | Sch D # | FMV | Int. Rate | Adequate Protection | Minimum Equal Payment | Description of Collateral |
|---|---|---|---|---|---|---|---|
| Retain | | | | 5.50 | | | |
| | | | | 5.50 | | | |
| | | | | 5.50 | | | |
| | | | | 5.50 | | | |

## STD - SECURED DEBTS @ 100%

| | Creditor Name | Sch D # | Payoff Amount | Int. Rate | Adequate Protection | Minimum Equal Payment | Description of Collateral |
|---|---|---|---|---|---|---|---|
| Retain | | | | 5.50 | | | |
| | | | | 5.50 | | | |
| | | | | 5.50 | | | |
| | | | | 5.50 | | | |
| | | | | 5.50 | | | |

| ATTORNEY FEE (Unpaid part) | Amount |
|---|---|
| Law Offices of John T. Orcutt, P.C. | $4,500 |

| SECURED TAXES | Secured Amt |
|---|---|
| IRS Tax Liens | |
| Real Property Taxes on Retained Realty | |

| UNSECURED PRIORITY DEBTS | Amount |
|---|---|
| IRS Taxes | $2,243 |
| State Taxes | |
| Personal Property Taxes | |
| Alimony or Child Support Arrearage | |

| CO-SIGN PROTECT (Pay 100%) | Int.% | Payoff Amt |
|---|---|---|
| All Co-Sign Protect Debts (See*) | | |

| GENERAL NON-PRIORITY UNSECURED | Amount** |
|---|---|
| DMI= None($0) | $9,203 |

## PROPOSED CHAPTER 13 PLAN PAYMENT

$ **160** per month for **1** months, then

$ **479** per month for **35** months.

### Adequate Protection Payment Period

Adequate Protection payments shall continue for approximately: **14** months or until the attorney fee is paid.

**Codes:**
Sch D # = The number of the secued debt as listed on Schedule D.
Adequate Protection = Monthly 'Adequate Protection' payment amt.
† = May include up to 3 post-petition payments.
* Co-sign protect on all debts so designated on the filed schedules.
** = Greater of DMI x ACP or EAE        (Page 4 of 4)
Ch13Plan_MD_(Install_Pay_NEWFilingFee) (10/13/16) © LOJTO

## Other Miscellaneous Provisions

Plan to allow for 3 "waivers".

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Evelyne Margaret Jenkins** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | MIDDLE DISTRICT OF NORTH CAROLINA (NC EXEMPTIONS) |
| Case number (if known) | _____ |

☐ Check if this is an amended filing

## Official Form 106D
## Schedule D: Creditors Who Have Claims Secured by Property                  12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

**1. Do any creditors have claims secured by your property?**

☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.

☒ Yes. Fill in all of the information below.

### Part 1:    List All Secured Claims

**2. List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | | Column A Amount of claim Do not deduct the value of collateral. | Column B Value of collateral that supports this claim | Column C Unsecured portion If any |
|---|---|---|---|---|
| **2.1** **American Advisors Group** Creditor's Name | Describe the property that secures the claim: | $211,556.52 | $288,090.00 | $0.00 |

**2.1** **American Advisors Group**
Creditor's Name

Describe the property that secures the claim:

2722 Edenridge Drive High Point, NC 27265  Guilford County Valuation Method (Sch. A & B) : Tax Value - 90%

**P.O. Box 40724 Lansing, MI 48901**
Number, Street, City, State & Zip Code

As of the date you file, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.
☒ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.
☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☒ Other (including a right to offset)    Reverse Mortgage

Date debt was incurred _____    Last 4 digits of account number _____

| | | | | |
|---|---|---|---|---|
| **2.2** **Guilford Co. Tax Collections** Creditor's Name | Describe the property that secures the claim: | $0.00 | $288,090.00 | $0.00 |

**2.2** **Guilford Co. Tax Collections**
Creditor's Name

Describe the property that secures the claim:

2722 Edenridge Drive High Point, NC 27265  Guilford County Valuation Method (Sch. A & B) : Tax Value - 90%

**Post Office Box3328 Greensboro, NC 27402-3328**
Number, Street, City, State & Zip Code

As of the date you file, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.
☒ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

**Nature of lien.** Check all that apply.
☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                Best Case Bankruptcy

Debtor 1    **Evelyne Margaret Jenkins**                                    Case number (if know) _____

   First Name              Middle Name           Last Name

☐ **Check if this claim relates to a**       ■ Other (including a right to offset)    **Real Property Taxes - Not Included In Escrow**
   **community debt**

**Date debt was incurred** _____    **Last 4 digits of account number** _____

| | |
|---|---|
| **Add the dollar value of your entries in Column A on this page. Write that number here:** | **$211,556.52** |
| **If this is the last page of your form, add the dollar value totals from all pages. Write that number here:** | **$211,556.52** |

**Part 2:**   **List Others to Be Notified for a Debt That You Already Listed**

Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Evelyne Margaret Jenkins** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | MIDDLE DISTRICT OF NORTH CAROLINA (NC EXEMPTIONS) | | |
| Case number (if known) | | | |

☐ Check if this is an amended filing

## Official Form 106E/F
## Schedule E/F: Creditors Who Have Unsecured Claims                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims. List the other party to any executory contracts or unexpired leases that could result in a claim.  Also list executory contracts on Schedule A/B: Property (Official Form 106A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G). Do not include any creditors with partially secured claims that are listed in Schedule D: Creditors Who Have Claims Secured by Property. If more space is needed, copy the Part you need, fill it out, number the entries in the boxes on the left. Attach the Continuation Page to this page. If you have no information to report in a Part, do not file that Part. On the top of any additional pages, write your name and case number (if known).

### Part 1:    List All of Your PRIORITY Unsecured Claims

**1.** **Do any creditors have priority unsecured claims against you?**

☐ No. Go to Part 2.

■ Yes.

**2.** **List all of your priority unsecured claims.** If a creditor has more than one priority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. If a claim has both priority and nonpriority amounts, list that claim here and show both priority and nonpriority amounts. As much as possible, list the claims in alphabetical order according to the creditor's name. If you have more than two priority unsecured claims, fill out the Continuation Page of Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.

(For an explanation of each type of claim, see the instructions for this form in the instruction booklet.)

| | | Total claim | Priority amount | Nonpriority amount |
|---|---|---|---|---|

**2.1** **Guilford Co. Tax Collections**
Priority Creditor's Name
**Post Office Box3328**
**Greensboro, NC 27402-3328**
Number Street City State Zip Code

**Who incurred the debt?** Check one.

■ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

Last 4 digits of account number _____   **$0.00** | **$0.00** | **$0.00**

When was the debt incurred? _____

**As of the date you file, the claim is:** Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of PRIORITY unsecured claim:**

☐ Domestic support obligations

■ Taxes and certain other debts you owe the government

☐ Claims for death or personal injury while you were intoxicated

☐ Other. Specify _____

**Notice Purposes Only**

---

**2.2** **Internal Revenue Service (MD)\*\***
Priority Creditor's Name
**Post Office Box 7346**
**Philadelphia, PA 19101-7346**
Number Street City State Zip Code

**Who incurred the debt?** Check one.

■ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

Last 4 digits of account number _____   **$2,243.00** | **$2,243.00** | **$0.00**

When was the debt incurred? **2016**

**As of the date you file, the claim is:** Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of PRIORITY unsecured claim:**

☐ Domestic support obligations

■ Taxes and certain other debts you owe the government

☐ Claims for death or personal injury while you were intoxicated

☐ Other. Specify _____

**Federal Taxes Owed**

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                25809                Best Case Bankruptcy

| Debtor 1 | **Evelyne Margaret Jenkins** | Case number *(if know)* | |
|---|---|---|---|

| 2.3 | **Law Office of John T Orcutt** | Last 4 digits of account number | **$4,500.00** | **$4,500.00** | **$0.00** |
|---|---|---|---|---|---|

Priority Creditor's Name
**6616 Six Forks Road**
**Suite 203**
**Raleigh, NC 27615**
Number Street City State ZIp Code

**When was the debt incurred?**

**Who incurred the debt? Check one.**

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

☐ No
☑ Yes

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of PRIORITY unsecured claim:**

☐ Domestic support obligations
☐ Taxes and certain other debts you owe the government
☐ Claims for death or personal injury while you were intoxicated
☑ Other. Specify    **Administrative Expenses**
                     **Atty Fees**

| 2.4 | **NC Department of Revenue \*\*** | Last 4 digits of account number | **$0.00** | **$0.00** | **$0.00** |
|---|---|---|---|---|---|

Priority Creditor's Name
**Attn: Bankruptcy Unit**
**Post Office Box 1168**
**Raleigh, NC 27602-1168**
Number Street City State ZIp Code

**When was the debt incurred?**

**Who incurred the debt? Check one.**

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**

☑ No
☐ Yes

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of PRIORITY unsecured claim:**

☐ Domestic support obligations
☑ Taxes and certain other debts you owe the government
☐ Claims for death or personal injury while you were intoxicated
☐ Other. Specify    **Notice Purpose Only**

| **Part 2:** | **List All of Your NONPRIORITY Unsecured Claims** |
|---|---|

**3.  Do any creditors have nonpriority unsecured claims against you?**

☐ No. You have nothing to report in this part. Submit this form to the court with your other schedules.

☐ Yes.

**4.  List all of your nonpriority unsecured claims in the alphabetical order of the creditor who holds each claim.** If a creditor has more than one nonpriority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. Do not list claims already included in Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.If you have more than three nonpriority unsecured claims fill out the Continuation Page of Part 2.

**Total claim**

Debtor 1  **Evelyne Margaret Jenkins**                                    Case number (*if know*) _____

---

| 4.1 | **.IMPORTANT NOTICE:** | Last 4 digits of account number _____ | **$0.00** |

Nonpriority Creditor's Name
**See notice re: creditor claims set forth on Schedule A**
Number Street City State ZIp Code

**Who incurred the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

When was the debt incurred? _____

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify _____

---

| 4.2 | **Bank of America \*\*** | Last 4 digits of account number  **9149** | **$14,994.66** |

Nonpriority Creditor's Name
**Post Office Box 15284**
**Wilmington, DE 19850-5220**
Number Street City State ZIp Code

**Who incurred the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

When was the debt incurred? _____

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify  **Credit Card Purchases**
**Disputed re: amt, int, fees, ownership, etc.**
**NOT  ADMITTED**

---

| 4.3 | **Synchrony Bank (Mitsubishi Home Design)** | Last 4 digits of account number  **9404** | **$5,437.21** |

Nonpriority Creditor's Name
**P.O. Box 965036**
**Orlando, FL 32896**
Number Street City State ZIp Code

**Who incurred the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

When was the debt incurred? _____

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify  **Credit Card Purchases**
**Disputed re: amt, int, fees, ownership, etc.**
**NOT  ADMITTED**

---

Debtor 1    **Evelyne Margaret Jenkins**                                        Case number (if know)

---

| 4.4 | **Synchrony Bank (TJX Rewards)** | Last 4 digits of account number | **9685** | **$3,490.03** |

Nonpriority Creditor's Name
**Attn: Bankruptcy Dept.**
**Post Office Box 965060**
**Orlando, FL 32896-5060**

When was the debt incurred?

Number Street City State Zip Code
**Who incurred the debt?** Check one.

**As of the date you file, the claim is:** Check all that apply

■ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

**Credit Card Purchases**
**Disputed re: amt, int, fees, ownership, etc.**

☐ Yes

■ Other. Specify    **NOT  ADMITTED**

---

| 4.5 | **Truliant Federal Credit Union** | Last 4 digits of account number | **5167** | **$9,848.65** |

Nonpriority Creditor's Name
**Attn: Managing Agent**
**Post Office Box 26000**
**Winston Salem, NC 27114**

When was the debt incurred?

Number Street City State Zip Code
**Who incurred the debt?** Check one.

**As of the date you file, the claim is:** Check all that apply

■ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

**Credit Card Purchases**
**Disputed re: amt, int, fees, ownership, etc.**

☐ Yes

■ Other. Specify    **NOT  ADMITTED**

---

| **Part 3:** | **List Others to Be Notified About a Debt That You Already Listed** |

5. Use this page only if you have others to be notified about your bankruptcy, for a debt that you already listed in Parts 1 or 2. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the original creditor in Parts 1 or 2, then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Parts 1 or 2, list the additional creditors here. If you do not have additional persons to be notified for any debts in Parts 1 or 2, do not fill out or submit this page.

Name and Address
**U.S. Attorney General**
**U.S. Department of Justice**
**950 Pennsylvania Ave. NW**
**Washington, DC 20530-0001**

On which entry in Part 1 or Part 2 did you list the original creditor?
Line **2.2** of (Check one):

■ Part 1: Creditors with Priority Unsecured Claims

☐ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number

Name and Address
**US Attorney's Office  (MD)\*\***
**101 S. Edgeworth Street, 4th floor**
**Greensboro, NC 27401**

On which entry in Part 1 or Part 2 did you list the original creditor?
Line **2.2** of (Check one):

■ Part 1: Creditors with Priority Unsecured Claims

☐ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number

---

| **Part 4:** | **Add the Amounts for Each Type of Unsecured Claim** |

6. Total the amounts of certain types of unsecured claims. This information is for statistical reporting purposes only. 28 U.S.C. §159. Add the amounts for each type of unsecured claim.

---

Debtor 1  **Evelyne Margaret Jenkins**                    Case number (if know) _____

| | | | | Total Claim |
|---|---|---|---|---|
| **Total claims from Part 1** | 6a. | **Domestic support obligations** | 6a. $ | 0.00 |
| | 6b. | **Taxes and certain other debts you owe the government** | 6b. $ | 2,243.00 |
| | 6c. | **Claims for death or personal injury while you were intoxicated** | 6c. $ | 0.00 |
| | 6d. | **Other.** Add all other priority unsecured claims. Write that amount here. | 6d. $ | 4,500.00 |
| | 6e. | **Total Priority.** Add lines 6a through 6d. | 6e. $ | 6,743.00 |

| | | | | Total Claim |
|---|---|---|---|---|
| **Total claims from Part 2** | 6f. | **Student loans** | 6f. $ | 0.00 |
| | 6g. | **Obligations arising out of a separation agreement or divorce that you did not report as priority claims** | 6g. $ | 0.00 |
| | 6h. | **Debts to pension or profit-sharing plans, and other similar debts** | 6h. $ | 0.00 |
| | 6i. | **Other.** Add all other nonpriority unsecured claims. Write that amount here. | 6i. $ | 33,770.55 |
| | 6j. | **Total Nonpriority.** Add lines 6f through 6i. | 6j. $ | 33,770.55 |

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **Evelyne Margaret Jenkins** |
| | First Name        Middle Name        Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name        Middle Name        Last Name |
| United States Bankruptcy Court for the: | MIDDLE DISTRICT OF NORTH CAROLINA (NC EXEMPTIONS) |
| Case number | |
| (if known) | |

☐ Check if this is an
amended filing

## Official Form 106G
# Schedule G: Executory Contracts and Unexpired Leases                       12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the additional page, fill it out, number the entries, and attach it to this page. On the top of any additional pages, write your name and case number (if known).

1.  **Do you have any executory contracts or unexpired leases?**
    ☐ No. Check this box and file this form with the court with your other schedules.  You have nothing else to report on this form.
    ■ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B:Property* (Official Form 106 A/B).

2.  **List separately each person or company with whom you have the contract or lease. Then state what each contract or lease is for (for example, rent, vehicle lease, cell phone).** See the instructions for this form in the instruction booklet for more examples of executory contracts and unexpired leases.

| | Person or company with whom you have the contract or lease | State what the contract or lease is for |
|---|---|---|
| | Name, Number, Street, City, State and ZIP Code | |
| 2.1 | **Nissan-Infiniti** <br> **Attn Managing Agent** <br> **Post Office Box 660360** <br> **Dallas, TX 75266-0888** | **2015 Infiniti Q50** <br> **Began 05/07/2015** <br> **10,000 miles per yr.** <br> **Current miles 28,000** |
| 2.2 | **Sprint Wireless** <br> **1085 Hanes Mall Blvd** <br> **Winston Salem, NC 27103** | **Cell Phone Contract** <br> **Began 2016** <br> **Term: 2 Year** <br><br> **\*\* No plan treatment for this contract** |

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                                      Best Case Bankruptcy

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Evelyne Margaret Jenkins** |
| | First Name          Middle Name          Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name          Middle Name          Last Name |
| United States Bankruptcy Court for the: | MIDDLE DISTRICT OF NORTH CAROLINA (NC EXEMPTIONS) |
| Case number | _____ |
| (if known) | |

☐ Check if this is an amended filing

Official Form 106H
# Schedule H: Your Codebtors
12/15

Codebtors are people or entities who are also liable for any debts you may have. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, and number the entries in the boxes on the left. Attach the Additional Page to this page. On the top of any Additional Pages, write your name and case number (if known). Answer every question.

**1. Do you have any codebtors?** (If you are filing a joint case, do not list either spouse as a codebtor.)

■ No
☐ Yes

**2. Within the last 8 years, have you lived in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)

■ No. Go to line 3.
☐ Yes. Did your spouse, former spouse, or legal equivalent live with you at the time?

**3. In Column 1, list all of your codebtors. Do not include your spouse as a codebtor if your spouse is filing with you. List the person shown in line 2 again as a codebtor only if that person is a guarantor or cosigner. Make sure you have listed the creditor on Schedule D (Official Form 106D), Schedule E/F (Official Form 106E/F), or Schedule G (Official Form 106G). Use Schedule D, Schedule E/F, or Schedule G to fill out Column 2.**

| *Column 1:* **Your codebtor**<br>Name, Number, Street, City, State and ZIP Code | *Column 2:* **The creditor to whom you owe the debt**<br>Check all schedules that apply: |
|---|---|
| **3.1** _____<br>Name<br><br>_____<br>Number     Street<br>City          State          ZIP Code | ☐ Schedule D, line _____<br>☐ Schedule E/F, line _____<br>☐ Schedule G, line _____ |
| **3.2** _____<br>Name<br><br>_____<br>Number     Street<br>City          State          ZIP Code | ☐ Schedule D, line _____<br>☐ Schedule E/F, line _____<br>☐ Schedule G, line _____ |

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Evelyne Margaret Jenkins** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | MIDDLE DISTRICT OF NORTH CAROLINA (NC EXEMPTIONS) |
| Case number (If known) | |

Check if this is:
☐ An amended filing
☐ A supplement showing postpetition chapter 13 income as of the following date:
_____
MM / DD/ YYYY

## Official Form 106I

## Schedule I: Your Income

12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Describe Employment

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

| | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| | Employment status | ☐ Employed<br>■ Not employed | ☐ Employed<br>☐ Not employed |
| | Occupation | **Retired** | |
| | Employer's name | | |
| | Employer's address | | |
| | How long employed there? | | |

### Part 2:    Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 2. | List monthly gross wages, salary, and commissions (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. | $ 0.00 | $ N/A |
| 3. | Estimate and list monthly overtime pay. | 3. | +$ 0.00 | +$ N/A |
| 4. | Calculate gross income. Add line 2 + line 3. | 4. | $ 0.00 | $ N/A |

Debtor 1 **Evelyne Margaret Jenkins**                    Case number (*if known*) _____

|  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| Copy line 4 here ............................................... | 4. | $ 0.00 | $ N/A |

**5. List all payroll deductions:**

|  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 5a. Tax, Medicare, and Social Security deductions | 5a. | $ 0.00 | $ N/A |
| 5b. Mandatory contributions for retirement plans | 5b. | $ 0.00 | $ N/A |
| 5c. Voluntary contributions for retirement plans | 5c. | $ 0.00 | $ N/A |
| 5d. Required repayments of retirement fund loans | 5d. | $ 0.00 | $ N/A |
| 5e. Insurance | 5e. | $ 0.00 | $ N/A |
| 5f. Domestic support obligations | 5f. | $ 0.00 | $ N/A |
| 5g. Union dues | 5g. | $ 0.00 | $ N/A |
| 5h. Other deductions. Specify: _____ | 5h.+ | $ 0.00 + | $ N/A |

| | | | |
|---|---|---|---|
| **6. Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h. | 6. | $ 0.00 | $ N/A |
| **7. Calculate total monthly take-home pay.** Subtract line 6 from line 4. | 7. | $ 0.00 | $ N/A |

**8. List all other income regularly received:**

| | | | |
|---|---|---|---|
| 8a. **Net income from rental property and from operating a business, profession, or farm**<br>Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $ 0.00 | $ N/A |
| 8b. **Interest and dividends** | 8b. | $ 0.00 | $ N/A |
| 8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive**<br>Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ 0.00 | $ N/A |
| 8d. **Unemployment compensation** | 8d. | $ 0.00 | $ N/A |
| 8e. **Social Security** | 8e. | $ 0.00 | $ N/A |
| 8f. **Other government assistance that you regularly receive**<br>Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies.<br>Specify: **Social Security($633.90-$104.90)** | 8f. | $ 529.00 | $ N/A |
| 8g. **Pension or retirement income** | 8g. | $ 0.00 | $ N/A |
| 8h. **Other monthly income. Specify:  Retirement ($3,369.00- 384.67)** | 8h.+ | $ 2,984.33 + | $ N/A |

| | | | |
|---|---|---|---|
| **9. Add all other income.** Add lines 8a+8b+8c+8d+8e+8f+8g+8h. | 9. | $ 3,513.33 | $ N/A |

| | | | | | |
|---|---|---|---|---|---|
| **10. Calculate monthly income.** Add line 7 + line 9.<br>Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. | 10. | $ 3,513.33 + | $ N/A = | $ 3,513.33 |

**11. State all other regular contributions to the expenses that you list in** *Schedule J.*
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*

| | | |
|---|---|---|
| Specify: _____ | 11. +$ | 0.00 |

**12. Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income. Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data*, if it applies

| | | |
|---|---|---|
| | 12. | $ 3,513.33 |

                                                                   **Combined monthly income**

**13. Do you expect an increase or decrease within the year after you file this form?**

☑ No.
☐ Yes. Explain: _____

Fill in this information to identify your case:

Debtor 1 **Evelyne Margaret Jenkins**

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the: MIDDLE DISTRICT OF NORTH CAROLINA (NC EXEMPTIONS)

Case number
(If known)

Check if this is:

☐ An amended filing
☐ A supplement showing postpetition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

## Official Form 106J
# Schedule J: Your Expenses
12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Describe Your Household

1. **Is this a joint case?**

   ■ No. Go to line 2.
   ☐ Yes. **Does Debtor 2 live in a separate household?**

      ☐ No
      ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2. **Do you have dependents?**    ■ No

   Do not list Debtor 1 and Debtor 2.    ☐ Yes. Fill out this information for each dependent..............

   Do not state the dependents names.

| | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|---|
| | | | ☐ No ☐ Yes |
| | | | ☐ No ☐ Yes |
| | | | ☐ No ☐ Yes |
| | | | ☐ No ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**    ■ No    ☐ Yes

### Part 2:    Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

| | **Your expenses** |
|---|---|

| | | |
|---|---|---|
| 4. The rental or home ownership expenses for your residence. Include first mortgage payments and any rent for the ground or lot. | 4. $ | 0.00 |
| If not included in line 4: | | |
| 4a. Real estate taxes | 4a. $ | 386.00 |
| 4b. Property, homeowner's, or renter's insurance | 4b. $ | 55.00 |
| 4c. Home maintenance, repair, and upkeep expenses | 4c. $ | 125.00 |
| 4d. Homeowner's association or condominium dues | 4d. $ | 0.00 |
| 5. Additional mortgage payments for your residence, such as home equity loans | 5. $ | 0.00 |

Debtor 1  __Evelyne Margaret Jenkins__                          Case number (if known) _____

| | | | |
|---|---|---|---:|
| 6. | **Utilities:** | | |
| | 6a. Electricity, heat, natural gas | 6a. $ | **226.33** |
| | 6b. Water, sewer, garbage collection | 6b. $ | **65.00** |
| | 6c. Telephone, cell phone, Internet, satellite, and cable services | 6c. $ | **0.00** |
| | 6d. Other. Specify: **Home Phone, Internet, Cell Phone, Cable, Home Security** | 6d. $ | **315.00** |
| 7. | **Food and housekeeping supplies** | 7. $ | **307.00** |
| 8. | **Childcare and children's education costs** | 8. $ | **0.00** |
| 9. | **Clothing, laundry, and dry cleaning** | 9. $ | **80.00** |
| 10. | **Personal care products and services** | 10. $ | **75.00** |
| 11. | **Medical and dental expenses** | 11. $ | **75.00** |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | 12. $ | **225.00** |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13. $ | **75.00** |
| 14. | **Charitable contributions and religious donations** | 14. $ | **0.00** |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | |
| | 15a. Life insurance | 15a. $ | **0.00** |
| | 15b. Health insurance | 15b. $ | **195.00** |
| | 15c. Vehicle insurance | 15c. $ | **200.00** |
| | 15d. Other insurance. Specify: | 15d. $ | **0.00** |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: **Personal Property Taxes** | 16. $ | **15.00** |
| 17. | **Installment or lease payments:** | | |
| | 17a. Car payments for Vehicle 1 | 17a. $ | **465.00** |
| | 17b. Car payments for Vehicle 2 | 17b. $ | **0.00** |
| | 17c. Other. Specify: | 17c. $ | **0.00** |
| | 17d. Other. Specify: | 17d. $ | **0.00** |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).** | 18. $ | **0.00** |
| 19. | **Other payments you make to support others who do not live with you.** Specify: | 19. $ | **0.00** |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income.*** | | |
| | 20a. Mortgages on other property | 20a. $ | **0.00** |
| | 20b. Real estate taxes | 20b. $ | **0.00** |
| | 20c. Property, homeowner's, or renter's insurance | 20c. $ | **0.00** |
| | 20d. Maintenance, repair, and upkeep expenses | 20d. $ | **0.00** |
| | 20e. Homeowner's association or condominium dues | 20e. $ | **0.00** |
| 21. | **Other:** Specify: **Emergency** | 21. +$ | **150.00** |

| | | | |
|---|---|---|---:|
| 22. | **Calculate your monthly expenses** | | |
| | 22a. Add lines 4 through 21. | $ | **3,034.33** |
| | 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | $ | |
| | 22c. Add line 22a and 22b. The result is your monthly expenses. | $ | **3,034.33** |
| 23. | **Calculate your monthly net income.** | | |
| | 23a. Copy line 12 *(your combined monthly income)* from Schedule I. | 23a. $ | **3,513.33** |
| | 23b. Copy your monthly expenses from line 22c above. | 23b. -$ | **3,034.33** |
| | 23c. Subtract your monthly expenses from your monthly income. The result is your *monthly net income.* | 23c. $ | **479.00** |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

☒ No.
☐ Yes.   Explain here: _____

<table>
<tr><td colspan="3"><strong>Fill in this information to identify your case:</strong></td></tr>
</table>

| Debtor 1 | **Evelyne Margaret Jenkins** | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the:  MIDDLE DISTRICT OF NORTH CAROLINA (NC EXEMPTIONS)

Case number
(if known)  _____

☐ Check if this is an
amended filing

# Official Form 106Sum
## Summary of Your Assets and Liabilities and Certain Statistical Information      12/15

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file your original forms, you must fill out a new *Summary* and check the box at the top of this page.**

### Part 1:    Summarize Your Assets

**Your assets**
Value of what you own

1. **Schedule A/B: Property** (Official Form 106A/B)
   1a. Copy line 55, Total real estate, from Schedule A/B............................................... $ 288,090.00

   1b. Copy line 62, Total personal property, from Schedule A/B....................................... $ 6,115.00

   1c. Copy line 63, Total of all property on Schedule A/B.............................................. $ 294,205.00

### Part 2:    Summarize Your Liabilities

**Your liabilities**
Amount you owe

2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D)
   2a. Copy the total you listed in Column A, *Amount of claim,* at the bottom of the last page of Part 1 of *Schedule D...* $ 211,556.52

3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 106E/F)
   3a. Copy  the total claims from Part 1 (priority unsecured claims) from line 6e of *Schedule E/F*............................... $ 6,743.00

   3b. Copy  the total claims from Part 2 (nonpriority unsecured claims) from line 6j of *Schedule E/F*........................... $ 33,770.55

   **Your total liabilities** $ 252,070.07

### Part 3:    Summarize Your Income and Expenses

4. *Schedule I: Your Income* (Official Form 106I)
   Copy your combined monthly income from line 12 of *Schedule I*.............................................................. $ 3,513.33

5. *Schedule J: Your Expenses* (Official Form 106J)
   Copy your monthly expenses from line 22c of *Schedule J*......................................................... $ 3,034.33

### Part 4:    Answer These Questions for Administrative and Statistical Records

6. **Are you filing for bankruptcy under Chapters 7, 11, or 13?**

   ☐ No. You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

   ☑ Yes

7. **What kind of debt do you have?**

   ☑ **Your debts are primarily consumer debts.** *Consumer debts* are those "incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). Fill out lines 8-9g for statistical purposes. 28 U.S.C. § 159.

   ☐ **Your debts are not primarily consumer debts.** You have nothing to report on this part of the form. *Check this box* and submit this form to the court with your other schedules.

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

Debtor 1    **Evelyne Margaret Jenkins**                                                Case number *(if known)*

8.   **From the *Statement of Your Current Monthly Income*:** Copy your total current monthly income from Official Form 122A-1 Line 11; **OR**, Form 122B Line 11; **OR**, Form 122C-1 Line 14.

$        3,369.00

9.   **Copy the following special categories of claims from Part 4, line 6 of *Schedule E/F*:**

| From Part 4 on *Schedule E/F*, copy the following: | Total claim |
|---|---|
| 9a. Domestic support obligations (Copy line 6a.) | $        0.00 |
| 9b. Taxes and certain other debts you owe the government. (Copy line 6b.) | $        2,243.00 |
| 9c. Claims for death or personal injury while you were intoxicated. (Copy line 6c.) | $        0.00 |
| 9d. Student loans. (Copy line 6f.) | $        0.00 |
| 9e. Obligations arising out of a separation agreement or divorce that you did not report as priority claims. (Copy line 6g.) | $        0.00 |
| 9f. Debts to pension or profit-sharing plans, and other similar debts. (Copy line 6h.) | +$        0.00 |
| 9g. **Total.** Add lines 9a through 9f. | $        2,243.00 |

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com

**Fill in this information to identify your case:**

Debtor 1    **Evelyne Margaret Jenkins**
            First Name            Middle Name            Last Name

Debtor 2
(Spouse if, filing)    First Name            Middle Name            Last Name

United States Bankruptcy Court for the:    MIDDLE DISTRICT OF NORTH CAROLINA (NC EXEMPTIONS)

Case number
(if known)    _____

☐ Check if this is an amended filing

Official Form 106Dec
# Declaration About an Individual Debtor's Schedules
12/15

If two married people are filing together, both are equally responsible for supplying correct information.

You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**Sign Below**

**Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?**

■ No

☐ Yes.  Name of person _____    Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119)

**Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.**

X **/s/ Evelyne Margaret Jenkins**            X _____
  **Evelyne Margaret Jenkins**                 Signature of Debtor 2
  Signature of Debtor 1

  Date  **July  6, 2017**                       Date _____

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## Middle District of North Carolina (NC Exemptions)

In re **Evelyne Margaret Jenkins**

Debtor(s)

Case No. _____

Chapter **13**

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | 4,500.00 |
| Prior to the filing of this statement I have received | $ | 0.00 |
| Balance Due | $ | 4,500.00 |

2. $ **0.00** of the filing fee has been paid.

3. The source of the compensation paid to me was:

   ■ Debtor      ☐ Other (specify):

4. The source of compensation to be paid to me is:

   ■ Debtor      ☐ Other (specify):

5. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. [Other provisions as needed]
   **Exemption planning, Means Test planning, and other items if specifically included in attorney/client fee contract or required by Bankruptcy Court local rule. May include fee paid to outside attorney for assistance at 341 meeting.**

7. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
   **Representation of the debtors in any dischargeability actions, relief from stay actions or any other adversary proceeding, and any other items excluded in attorney/client fee contract or excluded by Bankruptcy Court local rule.**

   **Fee also collected, where applicable, include such things as:  Pacer access:  $10 per case, Credit Reports: $10 each, Judgment Search: $10 each, Credit Counseling Certification: Usually $34 per case, Financial Management Class Certification: Usually $8 each, Use of computers for Credit Counseling briefing or Financial Managment Class: $10 per session, or paralegal typing assistance regarding credit counseling briefing: $75 per session.**

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

**July  6, 2017**
*Date*

/s/ **Benjamin Busch**
**Benjamin Busch 43458**
*Signature of Attorney*
**The Law Offices of John T. Orcutt, PC**
**6616-203 Six Forks Road**
**Raleigh, NC 27615**
**(919) 847-9750  Fax: (919) 847-3439**
**postlegal@johnorcutt.com**
*Name of law firm*

---

# Notice Required by 11 U.S.C. § 342(b) for
# Individuals Filing for Bankruptcy (Form 2010)

This notice is for you if:

**You are an individual filing for bankruptcy,** and

**Your debts are primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

**The types of bankruptcy that are available to individuals**

Individuals who meet the qualifications may file under one of four different chapters of Bankruptcy Code:

Chapter 7 - Liquidation

Chapter 11 - Reorganization

Chapter 12 - Voluntary repayment plan for family farmers or fishermen

Chapter 13 - Voluntary repayment plan for individuals with regular income

**You should have an attorney review your decision to file for bankruptcy and the choice of chapter.**

| Chapter 7: | Liquidation |
|---|---|
| $245 | filing fee |
| $75 | administrative fee |
| + $15 | trustee surcharge |
| $335 | total fee |

Chapter 7 is for individuals who have financial difficulty preventing them from paying their debts and who are willing to allow their nonexempt property to be used to pay their creditors. The primary purpose of filing under chapter 7 is to have your debts discharged. The bankruptcy discharge relieves you after bankruptcy from having to pay many of your pre-bankruptcy debts. Exceptions exist for particular debts, and liens on property may still be enforced after discharge. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

However, if the court finds that you have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge.

You should know that even if you file chapter 7 and you receive a discharge, some debts are not discharged under the law. Therefore, you may still be responsible to pay:

most taxes;

most student loans;

domestic support and property settlement obligations;

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com

most fines, penalties, forfeitures, and criminal restitution obligations; and

certain debts that are not listed in your bankruptcy papers.

You may also be required to pay debts arising from:

fraud or theft;

fraud or defalcation while acting in breach of fiduciary capacity;

intentional injuries that you inflicted; and

death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs.

If your debts are primarily consumer debts, the court can dismiss your chapter 7 case if it finds that you have enough income to repay creditors a certain amount. You must file *Chapter 7 Statement of Your Current Monthly Income* (Official Form 122A–1) if you are an individual filing for bankruptcy under chapter 7. This form will determine your current monthly income and compare whether your income is more than the median income that applies in your state.

If your income is not above the median for your state, you will not have to complete the other chapter 7 form, the *Chapter 7 Means Test Calculation* (Official Form 122A–2).

If your income is above the median for your state, you must file a second form —the *Chapter 7 Means Test Calculation* (Official Form 122A–2). The calculations on the form— sometimes called the *Means Test*—deduct from your income living expenses and payments on certain debts to determine any amount available to pay unsecured creditors. If

your income is more than the median income for your state of residence and family size, depending on the results of the *Means Test*, the U.S. trustee, bankruptcy administrator, or creditors can file a motion to dismiss your case under § 707(b) of the Bankruptcy Code. If a motion is filed, the court will decide if your case should be dismissed. To avoid dismissal, you may choose to proceed under another chapter of the Bankruptcy Code.

If you are an individual filing for chapter 7 bankruptcy, the trustee may sell your property to pay your debts, subject to your right to exempt the property or a portion of the proceeds from the sale of the property. The property, and the proceeds from property that your bankruptcy trustee sells or liquidates that you are entitled to, is called *exempt property*. Exemptions may enable you to keep your home, a car, clothing, and household items or to receive some of the proceeds if the property is sold.

Exemptions are not automatic. To exempt property, you must list it on *Schedule C: The Property You Claim as Exempt* (Official Form 106C). If you do not list the property, the trustee may sell it and pay all of the proceeds to your creditors.

## Chapter 11: Reorganization

|   | | |
|---|---|---|
| | $1,167 | filing fee |
| + | $550 | administrative fee |
| | $1,717 | total fee |

Chapter 11 is often used for reorganizing a business, but is also available to individuals. The provisions of chapter 11 are too complicated to summarize briefly.

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                Best Case Bankruptcy

**Read These Important Warnings**

Because bankruptcy can have serious long-term financial and legal consequences, including loss of your property, you should hire an attorney and carefully consider all of your options before you file. Only an attorney can give you legal advice about what can happen as a result of filing for bankruptcy and what your options are. If you do file for bankruptcy, an attorney can help you fill out the forms properly and protect you, your family, your home, and your possessions.

Although the law allows you to represent yourself in bankruptcy court, you should understand that many people find it difficult to represent themselves successfully. The rules are technical, and a mistake or inaction may harm you. If you file without an attorney, you are still responsible for knowing and following all of the legal requirements.

You should not file for bankruptcy if you are not eligible to file or if you do not intend to file the necessary documents.

Bankruptcy fraud is a serious crime; you could be fined and imprisoned if you commit fraud in your bankruptcy case. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Chapter 12: Repayment plan for family farmers or fishermen

|   |   |   |
|---|---|---|
|   | $200 | filing fee |
| + | $75 | administrative fee |
|   | $275 | total fee |

Similar to chapter 13, chapter 12 permits family farmers and fishermen to repay their debts over a period of time using future earnings and to discharge some debts that are not paid.

### Chapter 13: Repayment plan for individuals with regular income

|   |   |   |
|---|---|---|
|   | $235 | filing fee |
| + | $75 | administrative fee |
|   | $310 | total fee |

Chapter 13 is for individuals who have regular income and would like to pay all or part of their debts in installments over a period of time and to discharge some debts that are not paid. You are eligible for chapter 13 only if your debts are not more than certain dollar amounts set forth in 11 U.S.C. § 109.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, usually using your future earnings. If the court approves your plan, the court will allow you to repay your debts, as adjusted by the plan, within 3 years or 5 years, depending on your income and other factors.

After you make all the payments under your plan, many of your debts are discharged. The debts that are not discharged and that you may still be responsible to pay include:

domestic support obligations,

most student loans,

certain taxes,

debts for fraud or theft,

debts for fraud or defalcation while acting in a fiduciary capacity,

most criminal fines and restitution obligations,

certain debts that are not listed in your bankruptcy papers,

certain debts for acts that caused death or personal injury, and

certain long-term secured debts.

---

### Warning: File Your Forms on Time

Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information about your creditors, assets, liabilities, income, expenses and general financial condition. The court may dismiss your bankruptcy case if you do not file this information within the deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

For more information about the documents and their deadlines, go to: http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

---

### Bankruptcy crimes have serious consequences

If you knowingly and fraudulently conceal assets or make a false oath or statement under penalty of perjury—either orally or in writing—in connection with a bankruptcy case, you may be fined, imprisoned, or both.

All information you supply in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the U.S. Trustee, the Office of the U.S. Attorney, and other offices and employees of the U.S. Department of Justice.

### Make sure the court has your mailing address

The bankruptcy court sends notices to the mailing address you list on *Voluntary Petition for Individuals Filing for Bankruptcy* (Official Form 101). To ensure that you receive information about your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.

A married couple may file a bankruptcy case together—called a *joint case.* If you file a joint case and each spouse lists the same mailing address on the bankruptcy petition, the bankruptcy court generally will mail you and your spouse one copy of each notice, unless you file a statement with the court asking that each spouse receive separate copies.

### Understand which services you could receive from credit counseling agencies

The law generally requires that you receive a credit counseling briefing from an approved credit counseling agency. 11 U.S.C. § 109(h). If you are filing a joint case, both spouses must receive the briefing. With limited exceptions, you must receive it within the 180 days **before** you file your bankruptcy petition. This briefing is usually conducted by telephone or on the Internet.

In addition, after filing a bankruptcy case, you generally must complete a financial management instructional course before you can receive a discharge. If you are filing a joint case, both spouses must complete the course.

You can obtain the list of agencies approved to provide both the briefing and the instructional course from: http://justice.gov/ust/eo/hapcpa/ccde/cc_approved.html.

In Alabama and North Carolina, go to: http://www.uscourts.gov/FederalCourts/Bankruptcy/BankruptcyResources/ApprovedCreditAndDebtCounselors.aspx.

If you do not have access to a computer, the clerk of the bankruptcy court may be able to help you obtain the list.

---

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Evelyne Margaret Jenkins** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | Middle District of North Carolina (NC Exemptions) |
| Case number (if known) | |

Check as directed in lines 17 and 21:

According to the calculations required by this Statement:

- ■ 1. Disposable income is not determined under 11 U.S.C. § 1325(b)(3).
- ☐ 2. Disposable income is determined under 11 U.S.C. § 1325(b)(3).
- ■ 3. The commitment period is 3 years.
- ☐ 4. The commitment period is 5 years.

☐ Check if this is an amended filing

## Official Form 122C-1
# Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known).

### Part 1:  Calculate Your Average Monthly Income

1. **What is your marital and filing status?** Check one only.

   ■ **Not married.** Fill out Column A, lines 2-11.

   ☐ **Married.** Fill out both Columns A and B, lines 2-11.

Fill in the average monthly income that you received from all sources, derived during the 6 full months before you file this bankruptcy case. 11 U.S.C. § 101(10A). For example, if you are filing on September 15, the 6-month period would be March 1 through August 31. If the amount of your monthly income varied during the 6 months, add the income for all 6 months and divide the total by 6. Fill in the result. Do not include any income amount more than once. For example, if both spouses own the same rental property, put the income from that property in one column only. If you have nothing to report for any line, write $0 in the space.

| | | Column A Debtor 1 | Column B Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | **Your gross wages, salary, tips, bonuses, overtime, and commissions** (before all payroll deductions). | $ 0.00 | $ |
| 3. | **Alimony and maintenance payments.** Do not include payments from a spouse if Column B is filled in. | $ 0.00 | $ |
| 4. | **All amounts from any source which are regularly paid for household expenses of you or your dependents, including child support.** Include regular contributions from an unmarried partner, members of your household, your dependents, parents, and roommates. Include regular contributions from a spouse only if Column B is not filled in. Do not include payments you listed on line 3. | $ 0.00 | $ |

5. **Net income from operating a business, profession, or farm**

| | Debtor 1 | |
|---|---|---|
| Gross receipts (before all deductions) | $ 0.00 | |
| Ordinary and necessary operating expenses | -$ 0.00 | |
| Net monthly income from a business, profession, or farm | $ 0.00 | Copy here -> $ 0.00 |

6. **Net income from rental and other real property**

| | Debtor 1 | |
|---|---|---|
| Gross receipts (before all deductions) | $ 0.00 | |
| Ordinary and necessary operating expenses | -$ 0.00 | |
| Net monthly income from rental or other real property | $ 0.00 | Copy here -> $ 0.00 |

(lines 5 and 6 Column B: $ _____)

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com

Debtor 1  **Evelyne Margaret Jenkins**                                    Case number (*if known*) _____

| | Column A<br>Debtor 1 | Column B<br>Debtor 2 or<br>non-filing spouse |
|---|---|---|
| 7. **Interest, dividends, and royalties** | $ 0.00 | $ _____ |
| 8. **Unemployment compensation** | $ 0.00 | $ _____ |

Do not enter the amount if you contend that the amount received was a benefit under the Social Security Act. Instead, list it here:

For you .......................................................... $ _____ 0.00

For your spouse ......................................... $ _____

9. **Pension or retirement income.** Do not include any amount received that was a benefit under the Social Security Act.                                           $ 0.00              $ _____

10. **Income from all other sources not listed above.** Specify the source and amount. Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, a crime against humanity, or international or domestic terrorism. If necessary, list other sources on a separate page and put the total below.

|   | | |
|---|---|---|
| Survivor Annuity | $ 3,369.00 | $ _____ |
| | $ 0.00 | $ _____ |
| Total amounts from separate pages, if any. | + $ 0.00 | $ _____ |

11. **Calculate your total average monthly income.** Add lines 2 through 10 for each column. Then add the total for Column A to the total for Column B.

$ 3,369.00  + $ _____  = $ 3,369.00

**Total average monthly income**

---

| **Part 2:** | Determine How to Measure Your Deductions from Income |
|---|---|

12. **Copy your total average monthly income from line 11.**                                           $ 3,369.00

13. **Calculate the marital adjustment.** Check one:

☑ You are not married. Fill in 0 below.

☐ You are married and your spouse is filing with you. Fill in 0 below.

☐ You are married and your spouse is not filing with you.

Fill in the amount of the income listed in line 11, Column B, that was NOT regularly paid for the household expenses of you or your dependents, such as payment of the spouse's tax liability or the spouse's support of someone other than you or your dependents.

Below, specify the basis for excluding this income and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page.

If this adjustment does not apply, enter 0 below.

_____ $ _____

_____ $ _____

_____ + $ _____

Total  _____ $ 0.00   Copy here=>   -  0.00

14. **Your current monthly income.** Subtract line 13 from line 12.                                           $ 3,369.00

15. **Calculate your current monthly income for the year.** Follow these steps:

15a. Copy line 14 here=> ....................................................................................   $ 3,369.00

Multiply line 15a by 12 (the number of months in a year).                            x 12

15b. The result is your current monthly income for the year for this part of the form. ............................   $ 40,428.00

---

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                                   Best Case Bankruptcy

Debtor 1  **Evelyne Margaret Jenkins**                                    Case number (*if known*) _____

---

16. **Calculate the median family income that applies to you.** Follow these steps:

    16a. Fill in the state in which you live.                                   **NC**

    16b. Fill in the number of people in your household.                        **1**

    16c. Fill in the median family income for your state and size of household.           $  **42,946.00**
         To find a list of applicable median income amounts, go online using the link specified in the separate
         instructions for this form. This list may also be available at the bankruptcy clerk's office.

17. **How do the lines compare?**

    17a.  ■  Line 15b is less than or equal to line 16c. On the top of page 1 of this form, check box 1, *Disposable income is not determined under
             11 U.S.C. § 1325(b)(3)*. **Go to Part 3.** Do NOT fill out *Calculation of Your Disposable Income* (Official Form 122C-2).

    17b.  ☐  Line 15b is more than line 16c. On the top of page 1 of this form, check box 2, *Disposable income is determined under 11 U.S.C. §
             1325(b)(3)*. **Go to Part 3 and fill out Calculation of Your Disposable Income (Official Form 122C-2).** On line 39 of that form, copy
             your current monthly income from line 14 above.

| Part 3: | Calculate Your Commitment Period Under 11 U.S.C. § 1325(b)(4) |
|---|---|

18. Copy your total average monthly income from line 11 .                                      $  **3,369.00**

19. **Deduct the marital adjustment if it applies.** If you are married, your spouse is not filing with you, and you
    contend that calculating the commitment period under 11 U.S.C. § 1325(b)(4) allows you to deduct part of your
    spouse's income, copy the amount from line 13.

    19a. If the marital adjustment does not apply, fill in 0 on line 19a.                     -$  **0.00**

    19b. **Subtract line 19a from line 18.**                                                  $  **3,369.00**

20. **Calculate your current monthly income for the year.** Follow these steps:

    20a. Copy line 19b                                                                        $  **3,369.00**

         Multiply by 12 (the number of months in a year).                                     **x  12**

    20b. The result is your current monthly income for the year for this part of the form     $  **40,428.00**

    20c. Copy the median family income for your state and size of household from line 16c      $  **42,946.00**

21. **How do the lines compare?**

    ■  Line 20b is less than line 20c. Unless otherwise ordered by the court, on the top of page 1 of this form, check box 3, *The commitment
       period is 3 years*. Go to Part 4.

    ☐  Line 20b is more than or equal to line 20c. Unless otherwise ordered by the court, on the top of page 1 of this form, check box 4, *The
       commitment period is 5 years*. Go to Part 4.

---

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                         Best Case Bankruptcy

Debtor 1    **Evelyne Margaret Jenkins**                              Case number (*if known*) _____

| Part 4: | Sign Below |

By signing here, under penalty of perjury I declare that the information on this statement and in any attachments is true and correct.

X  **/s/ Evelyne Margaret Jenkins**
     **Evelyne Margaret Jenkins**
     Signature of Debtor 1

Date  **July  6, 2017**
      MM / DD  / YYYY

If you checked 17a, do NOT fill out or file Form 122C-2.

If you checked 17b, fill out Form 122C-2 and file it with this form. On line 39 of that form, copy your current monthly income from line 14 above.

North Carolina Employment Security
Commission
Post Office Box 26504
Raleigh, NC 27611


NC Child Support
Centralized Collections
Post Office Box 900006
Raleigh, NC 27675-9006


Equifax Information Systems LLC
P.O. Box 740241
Atlanta, GA 30374-0241


Experian
P.O. Box 2002
Allen, TX 75013-2002


Trans Union Corporation
P.O. Box 2000
Crum Lynne, PA 19022-2000


Internal Revenue Service (MD)**
Post Office Box 7346
Philadelphia, PA 19101-7346


US Attorney's Office  (MD)**
101 S. Edgeworth Street, 4th floor
Greensboro, NC 27401


American Advisors Group
P.O. Box 40724
Lansing, MI 48901


Bank of America **
Post Office Box 15284
Wilmington, DE 19850-5220


Guilford Co. Tax Collections
Post Office Box3328
Greensboro, NC 27402-3328


Guilford Co. Tax Collections
Post Office Box3328
Greensboro, NC 27402-3328

Internal Revenue Service (MD)**
Post Office Box 7346
Philadelphia, PA 19101-7346


Law Office of John T Orcutt
6616 Six Forks Road
Suite 203
Raleigh, NC 27615


NC Department of Revenue **
Attn: Bankruptcy Unit
Post Office Box 1168
Raleigh, NC 27602-1168


Nissan-Infiniti
Attn Managing Agent
Post Office Box 660360
Dallas, TX 75266-0888


Sprint Wireless
1085 Hanes Mall Blvd
Winston Salem, NC 27103


Synchrony Bank (Mitsubishi Home Design)
P.O. Box 965036
Orlando, FL 32896


Synchrony Bank (TJX Rewards)
Attn: Bankruptcy Dept.
Post Office Box 965060
Orlando, FL 32896-5060


Truliant Federal Credit Union
Attn: Managing Agent
Post Office Box 26000
Winston Salem, NC 27114


U.S. Attorney General
U.S. Department of Justice
950 Pennsylvania Ave. NW
Washington, DC 20530-0001


US Attorney's Office  (MD)**
101 S. Edgeworth Street, 4th floor
Greensboro, NC 27401

# United States Bankruptcy Court
## Middle District of North Carolina (NC Exemptions)

In re    **Evelyne Margaret Jenkins**

Debtor(s)

Case No.

Chapter    **13**

# VERIFICATION OF CREDITOR MATRIX

The above-named Debtor hereby verifies that the attached list of creditors is true and correct to the best of his/her knowledge.

Date:    **July  6, 2017**

**/s/ Evelyne Margaret Jenkins**
**Evelyne Margaret Jenkins**
Signature of Debtor